[Civil No. 4162. Filed October 30, 1939.]

[95 Pac. (2d) 53.]

RUBY LEE DANNER, by ERWIN H. KARZ, Her
Guardian ad Litem, Appellant, v. THE INDUS-
TRIAL COMMISSION OF ARIZONA, and L. C.
HOLMES, SAM W. PROCTOR and LYNN
LOCKHART, as Members of and Constituting the
Industrial Commission of Arizona, Appellees.

Mr. Allen K. Perry, for Appellant.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Appellees.

LOCKWOOD, J.—Dempsey Danner, hereinafter called deceased, on the 16th of February, 1937, was in the employ of one George H. Ennis, hereinafter called the employer, on which date he sustained an injury by an accident arising out of and in the course of his employment, which proximately caused his death on the next day. Thereafter, Ruby Lee Danner, his wife, hereinafter called plaintiff, applied to the Industrial Commission of Arizona, hereinafter called the commission, for compensation for the death of the said Dempsey Danner. It appeared at the hearing that the employer, at the time of the death of deceased, had not secured insurance against liability for compensation for such death under any of the methods set forth in section 1422, Revised Code 1928, although it was his duty to do so, and that plaintiff had elected to file application for compensation in accordance with the terms of section 1433, Revised Code 1928. The commission found that it was to her best interest that the compensation to which she was entitled be commuted to its present value of $4,429.48 and paid to her in a lump sum. An award was, therefore, made which, so far as material to the present proceeding, reads as follows:

"Award

"IT IS ORDERED that a death benefit be, and it is hereby awarded to said applicant, Ruby Lee Danner, by the above named defendant employer as follows:

"1. Payment of the reasonable expense of the burial of the deceased, not to exceed the sum of $150.00.

"2. The sum of $4429.48, payable forthwith.

"IT IS FURTHER ORDERED that by virtue of section 1433, R. C. A. 1928, that this award be paid within ten days from the date of service of this award."

No rehearing of said award was ever asked for, and it has never been set aside, appealed from nor modified. Plaintiff made application to the commission that she be paid this award out of the state compensation fund created by the provisions of chapter 24 of article 5 of the Revised Code of 1928, section 1391 et seq., commonly referred to as the "Workmen's Compensation Act," but the commission refused to make any payment from said fund, although there were moneys therein sufficient to pay the award. Thereafter plaintiff commenced this suit in the superior court of Maricopa county, asking that a writ of *mandamus* be issued, commanding the commission to pay the award aforesaid from the state compensation fund. An alternative writ was issued, and the commission appeared and moved to quash the writ and then demurred generally to the complaint, which demurrer was by the court sustained. Plaintiff electing to stand on the complaint, judgment was rendered dismissing the case, and this appeal was taken.

There are a number of questions raised by the appeal, both procedural and substantive in their nature, but we think it should be decided on the question of whether, under the facts, the plaintiff is entitled to payment of the award made by the commission from the state compensation fund. This will be determined by

the interpretation of the Workmen's Compensation Act.

Plaintiff bases her claim on the italicized portions of sections 1422 to 1424, inclusive, Revised Code 1928. These sections read, so far as material to the determination of this case, as follows:

"§ 1422. *Securing compensation; alternative methods; regulations.* Employers, but not including the state or its legal subdivisions, shall secure compensation to their employees in one of the following ways: 1. By insuring and keeping insured the payment of such compensation with the state compensation fund; 2. by insuring and keeping insured the payment of such compensation, with a corporation or association authorized to transact the business of workmen's compensation insurance in the state, and filing with the commission, in form prescribed by it, notice of his insurance, together with a copy of the contract or policy of insurance. Such corporation or association shall write and carry all risks or insurance for which application may be made to it which are not prohibited by law, and shall carry a risk to the conclusion of the policy period unless cancellation is agreed to by the commission and the employer; any policy shall, however, be subject to cancellation at any time by the commission; 3. by furnishing to the commission satisfactory proof of financial ability to pay direct the compensation in the amount and manner and when due as herein provided, the commission may, from such employer require a deposit or other security for the payment of compensation liabilities, as they are incurred. Such employer shall pay a tax of the same per cent as required by law to be paid by insurance companies upon their premiums, based upon an amount equivalent to premiums which would be paid by such employer if insured in the state compensation fund; said tax to be computed and collected by the commission and paid into the compensation fund; 4. *if an employer, who elects to pay the compensation direct to the employees, shall not fully comply with the provisions hereof relating to the payment of compensation, then the claims for compensation shall be deemed as-*

*signed to the commission for the benefit of the state compensation fund, and the commission shall pay such compensation,* benefits or amounts as may be due under the provisions of this article, and the commission shall then have a cause of action against said employer and upon his bond, if any, for the amount so paid, to be recovered by said commission, together with necessary expenses and a reasonable attorney's fee, to be fixed by the court, and the commission may revoke the authority of said employer to pay compensation direct; . . . ''

"§ 1423. *Policy to cover entire liability; terms in policy.* Every policy of insurance for compensation, issued by the commission or by another, shall cover the entire liability of the employer to his employees covered by the policy or contract, and shall contain a provision setting forth the right of the industrial commission, or the state, for the benefit of the state compensation fund, to enforce in their own names, either by filing a separate claim or by making the insurance carrier a party to the original claim, the liability of the insurance carrier in whole or in part for the payment of such compensation. . . .

"§ 1424. *Employer or carrier failing to comply. If the employer or the carrier of insurance named in the preceding section shall not fully comply with the provisions hereof relating to the payment of insurance, and the orders of the commission,* then the claims for compensation shall be deemed assigned to the commission for the benefit of the state compensation fund, and *the commission shall pay such compensation,* benefits or amounts as may be due under the provisions of this article, and the commission shall have a cause of action against said employer and against said carrier, and upon his bond, for the amount so paid to be recovered, together with necessary expenses and a reasonable attorney's fee, to be fixed by the court; the commission may certify the fact of such recovery to the corporation commission and the permit of the carrier to write further business in this state of any kind whatsoever shall be revoked by the corporation commission.'' (Italics ours.)

These sections provide that an employer who comes under the compensation law may secure compensation to his employees in three ways, (a) by insuring with the state compensation fund, (b) by insuring with a corporation authorized to carry on the business of workmen's compensation insurance, and authorized by this state to do business herein, or (c) by becoming what is known as a self-rating employer, which requires the approval of the commission and a deposit with it of security for the payment of compensation liabilities. If an employer fails to secure compensation in any of these three manners, the respective rights and liabilities of such employer and his employees are fixed by section 1433, Revised Code of 1928, which reads as follows:

"*Liability of employer failing to comply.* Employers subject to and who fail to comply with the provisions of section 1422 shall not be entitled to the benefits of this article during the period of non-compliance, but shall be liable in an action under any other law of the state, and in such action, the defendant shall not avail himself of the defenses of assumption of risk, or of contributory negligence, and in all such actions proof of the injury shall constitute *prima facie* evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury. An employee of such employer, or his dependents in case death ensued, may, in lieu of proceeding against his employer by civil action in the courts, file his application with the commission for compensation in accordance with the terms of this article, and the commission shall hear and determine such application for compensation in like manner as in other claims before the commission; and the compensation so determined shall be paid by such employer to the person entitled thereto within ten days after receiving notice of the amount thereof as fixed and determined by the commission. An abstract of the award may be filed in the office of the clerk of the superior court in any county in the state and shall be docketed in the judgment docket thereof,

and when so filed and docketed shall be a lien upon the property of the employer situated in the county for a period of eight years from the date of the award; execution may be issued thereon within eight years in the same manner and with like effect as if said award were a judgment of the superior court.''

This last quoted section provides that if an employer fails to protect his employee in one of the three ways mentioned in sections 1422 and 1424, *supra,* the employee may either bring an action against the employer under the limitations set forth in the section and recover judgment as in any other case, or he may apply to the commission for an award under the Workmen's Compensation Act, and when this award is secured, if it is not paid within ten days by the employer, an abstract may be filed in the office of the clerk of the superior court of any county in the state, and it then may be enforced as a judgment of such court, and is a lien on all the property of the employer in the county for eight years.

█ The only provisions of our statute which require the payment of an award by the commission out of the compensation fund when it is not paid by the employer, with the exception of cases where the insurance is carried directly by the fund, are found in sections 1422 and 1424, *supra.* The one in section 1422 is limited to certain classes of employers, as follows: ''4. if an employer, who elects to pay the compensation direct to the employees, . . . ''. This plainly refers to the so-called self-rating employers only, described in subdiv. 3 of the section. In the present case, the employer did not fall within the category of one who had elected ''to pay compensation direct to his employees'', for the record shows he made no election whatever, but had wholly failed to make any provision for the payment of compensation. Plaintiff may not

base her claim for payment from the state fund on section 1422, *supra.*

Section 1424, *supra,* also specifies another class of employers whose failure to pay compensation in accordance with the award makes the state fund liable. It is described as follows: ''the employer or the carrier of insurance named in the preceding section.'' On reference to the preceding section 1423, we find that the only employer mentioned therein is the one who is covered by a policy of insurance for compensation, issued by the commission itself or by ''another'', which last word obviously refers to a corporation authorized to carry workmen's compensation insurance, under the provisions of subdiv. 2 of section 1422, *supra.* It is equally clear that the employer in the present case does not fall within the class of employers mentioned in sections 1423 and 1424, *supra.* There is, therefore, no provision of the law which specifically directs that compensation shall be paid out of the state fund under circumstances like those found in the present case.

The Compensation Act itself specifically and expressly sets up in section 1433, *supra,* the only right acquired by an award made against an employer who has not protected himself in any of the manners set forth in section 1422, *supra,* or paid the award within ten days. It is, in effect, the right to have the award, upon proper recording, given the same intent as any judgment of the superior court, except that the lien given thereby is longer than that of the ordinary judgment lien.

It is urged by plaintiff that there are several cases in the state of Ohio which hold that those in her situation are entitled to payment from the state fund in that state. These cases substantially so hold and, under the Ohio statute, we think correctly, but that statute is very different from ours. Under it, all em-

ployers must insure in the state compensation fund, and can be compelled by the industrial commission to do so by various remedies, going even to the throwing of their business into the hands of a receiver. A certain percentage of the fund is set aside as a ''surplus fund'' and the statute expressly states that claims like the present one shall be paid out of that fund. None of these provisions are found in our law. Our commission has no power to compel an employer to secure compensation for his employees in any particular manner, or at all. If the employer deliberately and willfully refuses to comply with section 1422, *supra,* he is, it is true, guilty of a misdemeanor and may be fined therefor, but he cannot be compelled to secure the compensation. Nor does our statute, either expressly or impliedly, require the commission to pay from the fund of which it is trustee an award obtained under the circumstances found herein.

 The rights acquired under the Workmen's Compensation Act are purely statutory, and one claiming compensation must bring himself within the terms of the Act. *Proops* v. *Twohey Brothers,* 29 Ariz. 164, 240 Pac. 277. This, plaintiff has failed to do so far as payment from the state fund is concerned.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.