[Civil No. 4145. Filed December 18, 1939.]

[97 Pac. (2d) 221.]

NICK HOLLIDAY, RALPH HOLLIDAY and SOUTHWEST LUMBER MILLS, INC., a Corporation, Appellants, v. C. F. SALLING, Appellee.

Mr. W. Dean Nutting, Attorney for Appellants.

Mr. Guy Axline and Mr. W. E. Ferguson, Attorneys for Appellee.

ROSS, C. J.—The plaintiff C. F. Salling, in a proceeding before the Industrial Commission was, on February 12, 1938, awarded compensation under the workmen's compensation law Revised Code of 1928, section 1391 et seq. in the sum of $1,562.99 against his employer, defendant Nick Holliday. An abstract of this award was thereafter, on March 18, 1938, filed in the office of the clerk of the superior court of Navajo county and entered in the judgment docket thereof. April 14, 1938, Salling applied to the clerk of said court for a writ of garnishment after judgment and asked that Ralph Holliday and the Southwest Lumber

Mills, Inc., hereafter referred to as the lumber company, be served with writs of garnishment. Such writs were served on the lumber company April 16, 1938, and about that date on Ralph Holliday. Both garnishees filed answers to the writs, under oath, denying that they owed Nick Holliday, defendant, anything or had in their possession any effects of his. These answers of the garnishees were duly controverted and issues thereon tendered by the plaintiff in a complaint giving the reasons why he claimed the garnishees' answers were incorrect. These reasons were:

That Nick Holliday was indebted to plaintiff as stated; that to avoid paying such debt he collusively and fraudulently transferred all of his property, on or about January 15, 1938, to Ralph Holliday, who accepted such transfer to assist Nick in his fraudulent purpose to defeat, hinder and defraud plaintiff; that for the same purpose he assigned, or pretended to assign, to Ralph Holliday a certain contract in writing with the lumber company and the benefits of such contract, and that under such circumstances Ralph Holliday holds all such property as a secret trust for Nick Holliday. It is alleged that the lumber company had in its possession certain effects and moneys belonging to Nick Holliday on account of a lumber production contract between them, and that Nick, with the consent and approval of the lumber company, had made a feigned assignment of such account to Ralph, and that it was so made to hinder, delay and defraud plaintiff.

The defendant and the garnishees by various pleadings and motions challenged the right to have a writ of garnishment issue on the award-judgment.

The answer of the lumber company to the tender of issues consisted of denials and affirmative allegations, the latter being that on January 15, 1938, it was

served with notice that Nick Holliday and his wife had sold and assigned to Ralph all indebtedness due from it, or to become due, up to $9,000 for work, labor and services furnished by them under a certain logging contract, and that the lumber company should pay the said Ralph, or his assigns, such sum; that at the same time the garnishee lumber company was served with notice that Nick Holliday and his wife had assigned, for a consideration of $10,000, to Ralph a certain contract or contracts between them and the garnishee dated July 13, 1936, and December 31, 1936, and that it had recognized such substitution.

The Hollidays adopted the lumber company's answer as to the assignments and alleged that such assignments were *bona fide* and made to satisfy an indebtedness existing between Nick Holliday and Ralph Holliday in a sum in excess of $10,000.

The case was tried to the court and resulted in a judgment against the garnishees and also against Nick Holliday and Ralph Holliday as debtors for the sum of $1,562.99 and interest at 6 per cent. from date of judgment. From the judgment the defendant and the garnishees have appealed.

 The first and principal assignment is directed at the court's ruling holding that the award-judgment was a judgment upon which a garnishment could issue. Section 4258, Revised Code of 1928, provides for the issuance of garnishment process in three cases as follows:

"§ 4258. *In what cases writ issuable.* The clerk of the court or justice of the peace shall issue the writ of garnishment, returnable to their respective court, in the following cases: 1. where an original attachment has been issued as hereinbefore provided; 2. where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that defendant has not within his knowledge, property in

his possession, within this state, subject to execution, sufficient to satisfy such debt, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee; the term 'debt' as used herein includes every claim or demand for money, not arising from tort; or, 3. where the plaintiff has a judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession, within this state, subject to execution, sufficient to satisfy such judgment. . . . "

Under the Workmen's Compensation Law every employer of three or more, with certain exceptions, is required to insure his employees against loss from injury by accident, Sections 1418 and 1422, Id., and most employers observe this requirement by procuring insurance. Occasionally one fails to do so and when an employee of such a one is injured he may bring a civil action, that is, an action in the superior court for his damages, and, if he recovers, the court enters judgment for him; or, in lieu of such action, such employee may present his claim to the Industrial Commission as in other case. An abstract of the commission's award, when filed in the office of the clerk of the superior court and entered in the judgment docket thereof, it is provided

"shall be a lien upon the property of the employer situated in the county for a period of eight years from the date of the award; execution may be issued thereon within eight years in the same manner and with like effect as if said award were a judgment of the superior court." Section 1433, Id.

In *Robles* v. *Preciado,* 52 Ariz. 113, 79 Pac. (2d) 504, 508, we called attention to the two remedies open to an employee when his employer has failed to take out insurance, and said:

" . . . (a) he may make application to the Industrial Commission in the same manner as though the em-

ployer had complied with the terms of the law, and, when an award is made by the commission, such award becomes a judgment against the employer in the same manner as any other judgment of the courts of the state; . . . ''

And in *Danner* v. *Industrial Com., ante,* p. 275, 95 Pac. (2d) 53, 55, we give expression to the same effect as follows:

'' . . . or he may apply to the commission for an award under the Workmen's Compensation Act, and when this award is secured, if it is not paid within ten days by the employer, an abstract may be filed in the office of the clerk of the superior court of any county in the state, and it then may be enforced as a judgment of such court, and is a lien on all the property of the employer in the county for eight years.''

Defendant and garnishees argue that the award-judgment filed in the court is not a judgment because it runs eight years, whereas a judgment proper runs only five years. There is this difference but we cannot see wherein it affects the different methods under the law for their enforcement or collection. It is also suggested that the statute providing for the filing of an abstract of the award with the clerk of the court is a special statute and makes no provision for the issuance of a writ of garnishment in aid of its collection. Money judgments generally are silent as to the method of collection. The right to garnishment in aid of the collection of judgments is found in the garnishment statute. It is claimed that section 1433, *supra,* shows by its wording that the abstract of award is not a judgment but that execution may issue in the same manner and with like effect as if said award were a judgment of the superior court. That this phrasing gives the award the status of a judgment seems to us quite clear. We appreciate that the different statutes bearing upon the right to a writ of garnishment to

aid in the collection of the award-judgment which is given the status of a judgment, need construction. But, it was evidently intended by the legislature that at least no fewer remedies should be available to collect an award-judgment than judgments generally. While in the Danner and Robles Cases, *supra,* we did not have before us the question we now have, what we said in the latter case, that is, that

"such award becomes a judgment against the employer in the same manner as any other judgment of the courts of the state,"

is doubtless what would come to anyone reading section 1433, *supra.* We think on this point the court's ruling was correct.

In this connection it is claimed the affidavit required under the statute before a writ of garnishment shall issue did not conform with the provisions authorizing its issuance in aid of judgment, but was worded in accordance with subdivision 2 of section 4258, *supra,* as for "debt." In the latter case plaintiff should have been required to give a bond, conditioned as provided in section 4259, Id., before the writs were issued. No one, however, raised the point that no bond had been given. Everyone seems to have proceeded upon the theory that the writs were issued in aid of the award-judgment.

The garnishees and defendant insist that it was error for the court to overrule their motions to strike and their demurrers to the tender of issues, because such tender was an attempt to set aside a conveyance and was frivolous and a sham. A mere statement of this complaint is sufficient to condemn it. The plaintiff asserted in his tender that Nick Holliday, defendant, had, in collusion with Ralph Holliday, turned over all his property to the latter for the purpose of defeating, hindering and defrauding him in

the collection of his debt. The statute permits a plaintiff in a garnishment proceeding to state the reasons why the garnishee's answer is incorrect and in what particulars. Section 4272, Id. If he may state the reasons he believes the answer is false or incorrect, he certainly is entitled to show its falsity or incorrectness and, if he sustains his allegations of fraud and collusion, he is entitled to judgment.

■ The court, on motion of plaintiff, made Ralph Holliday a party defendant to the action. This action of the court is assigned as error. We fail to see why the motion was granted. The award-judgment was against Nick Holliday. It was obtained on the establishment of the relation of employer and employee before the Industrial Commission. Ralph could not in this proceeding be held liable on such judgment. If he is liable at all, it is because he owes the judgment debtor, Nick Holliday, or has effects in his possession belonging to Nick Holliday.

The sufficiency of the evidence to support the complaint's allegations of fraud is challenged. Whether this criticism is well founded we think depends upon the credence the court was authorized to give to the testimony of the Hollidays. They are father and son. The father, Nick, was a logging contractor and had been furnishing timber to the lumber company from July, 1936, and his son, Ralph, was an employee working for his father on the contract for wages. The trouble with plaintiff began in July, 1936, when he was hurt while working for the father. For his injury the Industrial Commission awarded him compensation on June 28, 1937. This award was filed with the clerk of the superior court of Navajo county and on August 27, 1937, a writ of garnishment was issued in aid of its collection and served on the lumber company, which answered the writ that it owed Nick Holliday $8,965.31.

Nick Holliday brought the award to the Supreme Court for review and because the reporter who took the testimony for the Industrial Commission had died before its transcription, this court set aside the award and sent it back for a trial *de novo*. Upon this mandate coming down, the superior court of Navajo county, on January 3, 1938, set aside and vacated the writ of garnishment and ordered the release of the garnished money in the hands of the lumber company. Pending the time of another award by the Industrial Commission, and before the commission had or could act on plaintiff's claim, on, to wit, January 15, 1938, the defendant Nick Holliday disposed of everything he had to his son Ralph, including his logging outfit consisting of animals, trucks, tools, merchandise and commissary, for a recited consideration of $6,000; and all credits due him from the lumber company and interest in logging contracts he had with such company for a recited consideration of $4,000. And thereafter the son became the contractor and the father the laborer or wage earner. They traded positions.

When the present award in favor of plaintiff was made on February 12, 1938, the paper transaction between the father and son had been consummated and, if honest and for a valuable consideration, it left the plaintiff "holding the bag." It was admitted that the consideration, if any, was the discharge of a past-due debt owing from the father to the son. The father testified that this debt had been incurred over a period of several years and was for wages he owed his son as a laborer, and the son's testimony corroborated his father's, only he said he worked a while for his father for wages and then as a subcontractor and then again for wages.

The trial court saw and heard these witnesses and was in a far better position to judge and pass upon

the truthfulness of their testimony than we are. The court did not have to accept their statements as true unless its observation of their manner and conduct convinced it that they were telling the truth. We think most any person familiar with the circumstances would have suspected that the deal between the father and son was not *bona fide* but simulated for the purpose of defeating the plaintiff's claim. Such must have been the deduction the trial court drew from the testimony and in such deduction we concur.

The evidence shows that the lumber company on April 16, 1938, when served with the writ of garnishment, owed on its logging contract with Nick Holliday over $4,000 and, since the transfer of the logging account to Ralph has been determined by the trial court as simulated and fraudulent, the judgment against the garnishee lumber company should stand.

As before stated, any judgment entered against Ralph Holliday as judgment debtor was not authorized either under the law or facts, and should be vacated. However, the evidence is ample to sustain the judgment against him as garnishee.

There are some other assignments but we will not take the time or space to discuss them since whatever disposition we should make of them would not affect the result.

The judgment against Ralph Holliday as a judgment debtor is vacated and set aside, but in all other respects the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.