[Civil No. 4631.   Filed February 11, 1944.]

[145 Pac. (2d) 850.]

THE INDUSTRIAL COMMISSION OF ARIZONA, Appellant, v. ORIZABA MINING COMPANY, a Corporation, Appellee.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Appellant.

Messrs. Beer & Christy and Mr. James A. Walsh, for Appellee.

HALL, Superior Judge.—The appellant Industrial Commission of Arizona, hereinafter referred to as the commission, has appealed to this court from an order of the Maricopa Superior Court quashing an alternative writ of *mandamus* directed against the appellee Orizaba Mining Company, a corporation, hereinafter referred to as the employer.

The commission sought by said writ to compel the employer to insure, and keep insured, its employees, under the provisions of the Workmen's Compensation Act. Code 1939, § 56–901 *et seq.*

The facts disclose that prior to the time of putting its employees to work, the employer submitted to said employees for signature certain blank forms which in substance are identical with the rejection form provided in the Workmen's Compensation Act. Before each employee executed his rejection of the compensation law he was advised by the employer

that he might have the rights and benefits of such law if he so desired, and each employee before entering the service of the employer signed such rejection form, and the employer from time to time filed these forms with the Commission.

The Commission contends:

1st: That the Workmen's Compensation Act rests upon public policy and the exercise of the police power to regulate the status of employer and employee; and no contract, not expressly authorized by said Act, can affect the rights of the parties.

2nd: That it is the mandatory and compulsory duty of the employer, before putting its employees to work to insure them (a) in the state fund, or (b) by an authorized private carrier, or (c) by self-insurance, as defined by the Compensation Act.

3rd: That it is the mandatory and compulsory duty of the employer to keep its employees insured under the Workmen's Compensation Act, even though they may have elected to reject the provisions of the Act and retain the right to sue the employer, as provided by law.

4th: That the benefits of the Workmen's Compensation Act may not be waived nor its terms rejected by a workman who has not first been insured under one of the three provisions thereof.

The court is concerned herein with the interpretation of section 8, article 18, of the Arizona Constitution, which reads, so far as material, as follows:

" . . . Provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this constitution; . . . "

We are also concerned with the interpretation of Sections 56–921, 56–932, 56–933, 56–944, 56–946 and

56-947, of the 1939 Arizona Code Annotated, which so far as material herein, read as follows:

"Section 56–921. . . . The commission may, in its name, make contracts of insurance to include and cover the entire underlying liability of employers insured in the state compensation fund so that such employers may be fully protected, not only for all compensation claims, but for all liability claims whatsoever by employees or their dependents or heirs, including the cost of defense of an action. . . ."

"Section 56–932. . . . Employers, but not including the state or its legal subdivisions, shall secure compensation to their employees in one of the following ways:

"1. By insuring and keeping insured the payment of such compensation with the state compensation fund;

"2. By insuring and keeping insured the payment of such compensation, with a corporation or association authorized to transact the business of workmen's compensation insurance in the state, and filing with the commission, in form prescribed by it, notice of his insurance, together with a copy of the contract or policy of insurance. Such corporation or association shall write and carry all risks or insurance for which application may be made to it which are not prohibited by law, and shall carry a risk to the conclusion of the policy period unless cancellation is agreed to by the commission and the employer; any policy shall, however, be subject to cancellation at any time by the commission;

"3. By furnishing to the commission satisfactory proof of financial ability to pay direct the compensation in the amount and manner and when due as herein provided. . . . "

"Section 56–933. . . . Every policy of insurance for compensation, issued by the commission or by another, shall cover the entire liability of the employer to his employees covered by the policy or contract, . . . "

"Section 56–944. . . . Employers who comply with the provisions of section 1422 [§ 56–932] shall not

be liable to respond in damages at common law or by statute, except as hereinafter provided, for injury or death of an employee wherever occurring, provided however, that it shall be optional with employees to accept compensation as provided herein or to reject the provisions hereof and retain the right to sue said employer as provided by law. . . ."

"Section 56-946. . . . The right to recover compensation pursuant to the provisions of this article for injuries sustained by an employee shall be the exclusive remedy against the employer, . . . ."

"Section 56-947. . . . Employers subject to and who fail to comply with the provisions of section 1422 [§ 56-932] shall not be entitled to the benefits of this article during the period of non-compliance, . . . ."

It will be noted that Section 8, article 18 of the constitution provides that it shall be optional with any employee engaged in any private employment to settle for such compensation or to retain the right to sue said employer. Then Section 56-944, *supra,* while consistent with the constitutional provision, went a step further and provided that it shall be optional with an employee to accept compensation as provided in the Act or to reject the provisions thereof and retain the right to sue said employer as provided by law.

■■ Just what is the employer required to insure under Section 56-932? He is required to insure "compensation" for injuries or death sustained by the employee and nothing else; and "compensation" is defined by Section 56-930, Arizona Code Annotated, 1939, as the compensation and benefits provided in the Workmen's Compensation Act. Obviously, an employee who has rejected the Compensation Law is not entitled to compensation, and his remedy lies in damages recoverable under the Employers' Liability Act, Code 1939, § 56-801 *et seq.,* or the com-

mon law; and there is no requirement in Section 56–932, or any other Arizona statute, that the employer insure the payment of damages to his employee.

█ Our court, in the case of *Bradley* v. *Industrial Commission,* 51 Ariz. 291, 76 Pac. (2d) 745, has directly and unequivocally held that where an employee rejects provisions of the Workmen's Compensation Act prior to his entering upon his employment, his act is valid and binding upon himself as well as his employer.

In the later case of *Danner* v. *Industrial Commission,* 54 Ariz. 275, 95 Pac. (2d) 53, 56, our court said:

" . . . Our commission has no power to compel an employer to secure compensation for his employees in any particular manner, or at all. If the employer deliberately and willfully refuses to comply with Section 1422 (now 56–932) he is, it is true, guilty of a misdemeanor and may be fined therefor, but he cannot be compelled to secure the compensation. . . .

"The rights acquired under the Workmen's Compensation Act are purely statutory, and one claiming compensation must bring himself within the terms of the Act."

The commission contends that it cannot reconcile the *Bradley* and *Danner* cases, *supra,* with the following cases of our court: *Ocean Accident & Guaranty Corp.* v. *Industrial Commission,* 32 Ariz. 275, 257 Pac. 644; *Employers' Liability Assurance Corp.* v. *Frost,* 48 Ariz. 402, 62 Pac. (2d) 320, 107 A. L. R. 1413; *Red Rover Copper Co.* v. *Industrial Commission,* 58 Ariz. 203, 118 Pac. (2d) 1102, 137 A. L. R. 740, and *Whipple* v. *Industrial Commission,* 59 Ariz. 1, 121 Pac. (2d) 876.

In the *Ocean Accident* case, *supra,* as in the *Frost* case, *supra,* the right of an employee to reject the provisions of the Act was not in issue, and there is nothing in either of these cases contrary to the

holding in the *Bradley* and *Danner* cases. In the *Frost* case our court held that it was mandatory on the employer to issue compensation in advance of putting his employees to work. That is the employer's duty in all cases unless the employee waives his rights prior to his going to work by rejecting the provisions of the Compensation Act, as the employees did in the case at bar. There was no issue in the *Frost* case as to whether the employee rejected the Act. The court was there dealing with the question as to whether or not there was a policy of insurance and whether or not a private insurance carrier was required to write all risks submitted to it. In the case at bar the employee of his own free will and accord and prior to entering upon his employment signed the necessary forms rejecting the Act.

In the *Red Rover* and *Whipple* cases, *supra,* the employee's rejection of the Act was a condition of employment. In the *Red Rover* case, the employee was also advised that the insurance which the employer was carrying was better than state compensation. In the latter case the court said [58 Ariz. 203, 118 Pac. (2d) 1107, 137 A. L. R. 740]:

" . . . The constitutional amendment and the legislation enacted thereunder declare the public policy of the state of Arizona. No contractual consent, no statute of limitations, no laches nor estoppel can prevail against public policy, and any agreements made and any acts done in violation of it are necessarily void. In view of the terms of the constitutional amendment and the Act interpreted in the light of our history, we are convinced that the election given to an employee to exercise his option must be a free and voluntary one, uninfluenced by intimidation, fraud or coercion of any nature whatsoever; that to make a rejection of the Act a condition precedent to employment is coercion, and no rejection thus obtained is, or can be made, valid."

The Commission cites the Utah case of *Industrial Commission* v. *Daly Mining Co.*, 51 Utah 602, 172 Pac. 301, in support of its contention. In this case the Utah court compelled the employer by *mandamus* to insure the payment of compensation to his employees. While the Utah statute, under consideration, Chap. 1, Title 42, Revised Statutes of Utah 1933, is in some respects similar to ours, it is entirely different so far as the issues in the case at bar are concerned. Under the Utah statute an employee has no election but must accept the compensation provided in the act and cannot recover damages from his employer for injuries sustained in the course of his employment.

Counsel for the Commission advances the contention in his brief that the employer failed to post notices required by Section 56–944 Arizona Code Annotated, 1939. No issue in this regard was raised in the pleadings in the court below and no such proposition of law was presented to this court on appeal. We therefore shall not consider same. This court has heretofore held that as a general proposition an appellate court will not consider a question which was not raised in the lower court, with certain exceptions. The case at bar does not fall within any of the exceptions. *Town of South Tucson* v. *Board of Sup'rs of Pima County*, 52 Ariz. 575, 84 Pac. (2d) 581.

Judgment affirmed.

ROSS and STANFORD, JJ., concur.

NOTE: Because of the illness of McALISTER, C. J., the Honorable WM. G. HALL, Judge of the Superior Court of Pima County, was called in to sit in his place and stead.