546 P.2d 1132

Glenn O. MASSIE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Duval Sierrita Corporation, Respondent Employer,

Duval Sierrita Corporation, Respondent Carrier.

No. 12109–PR.

Supreme Court of Arizona, In Banc.

March 2, 1976.

102

Gilbert Gonzalez, Tucson, for petitioner.

Edward F. Cumerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Twitty, Sievwright & Mills By John F. Mills, Phoenix, for respondent, Duval Sierrita Corp.

HOLOHAN, Justice.

The petitioner sought review of an award of the Industrial Commission denying recovery for medical and surgical expenses and post-surgical compensation. The Court of Appeals set aside the award, one judge dissenting. *Massie v. Industrial Commission,* 23 Ariz.App. 336, 533 P.2d 547 (1975). We granted review. The opinion of the Court of Appeals is vacated.

The petitioner sustained an injury in an industrially related accident while working for Duval Sierrita Corporation, a self-insured employer. He filed a claim for Workmen's Compensation benefits. Medical benefits were paid until March 6, 1972 when they were terminated by a Notice of Claim Status issued by the employer. A hearing was held at petitioner's request, and an award was entered which granted petitioner continued medical benefits until his condition would become stationary.

After the hearing petitioner was allowed to change physicians. He made two visits to a Dr. Charles Haas, but petitioner became dissatisfied with the conservative treatment. The next physician which pe-

titioner consulted was Richard L. Reilly, D.O. Upon learning of the second change of physicians, the employer issued a Notice of Claim Status on October 18, 1972 denying liability for treatment by Dr. Reilly and demanding that petitioner return for treatment by Dr. Haas. The Notice contained a clause which notified petitioner that he had 60 days within which to apply for a hearing.

The petitioner continued to see Dr. Reilly who called in John W. McCracken, D.O. for consultation. Dr. McCracken performed a series of tests on petitioner, and the physician concluded that petitioner had suffered a ruptured disk. Surgery was recommended.

On November 6, 1972 petitioner wrote to the Industrial Commission as follows:

"I am writing to request a change of doctors. I went to see Dr. Lawrence Haas as instructed and for 2 other visits and all I got was the same treatment I received from Dr. Mann. I was submitted to a whole new set of X-rays and told to lose weight and exercise and return in 30 days. When I protested the long delay, Dr. Haas agreed to see me in 2 weeks. After 2 visits in this manner I decided it was of no use to see Dr. Haas as he was doing exactly as Dr. Mann had done absolutely nothing. *I am therefore requesting that I be allowed to visit my own family doctor, Dr. Richard L. Reilly, for treatment and examination. I have gone to him on my own and now know that I have a ruptured disk pinching a nerve that is the cause of troubles. Surgery is required to correct this condition.*

"I am writing this letter at the instruction of George B. Marvel, Hearing Officer in my case before the Commission here in Tucson."

(Emphasis Added.)

The employer filed a letter in opposition to the change of physicians, but it suggested that a consultation board be arranged.

On November 10, 1972 a lumbar laminectomy was performed on petitioner by Dr. McCracken, assisted by Dr. Reilly. On November 24, 1972 petitioner was released from the hospital. On the same date the Industrial Commission issued an action denying the request for a change of doctors. A copy of the notice was received by petitioner while he was convalescing at home. The notice notified petitioner that he had five days to apply for a hearing.

The petitioner took no action until December 20, 1972 when he employed counsel to assist him. Counsel for petitioner made demand upon the employer for payment of benefits which was refused by the employer. Thereafter, counsel demanded a hearing before the Industrial Commission.

A hearing was ordered, and the Industrial Commission treated the request for hearing as brought pursuant to A.R.S. § 23–1061(J). After hearing, the Industrial Commission issued its decision dismissing any claim for relief under A.R.S. § 23–1061(J) and denied any further benefits.

The issue presented by the parties was whether the Industrial Commission committed error in refusing to grant relief to petitioner under A.R.S. § 23–1061(J). That section provides:

"J. The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled. If the commission determines that payment or denial of compensation is improper in any way, it shall hold a hearing pursuant to § 23–941 within sixty days after receiving notice of such impropriety."

The section in question was added to the code in the extensive revision of the Compensation Act in 1968. This case is one of first impression under the section.

Counsel for petitioner argues that petitioner is entitled to benefits which have not been granted, so the Industrial Commission has the duty to investigate and review the claim and hold a hearing if the denial of compensation is improper. In effect he argues that time limits elsewhere provided

in the Compensation Act are not binding if the Commission finds that a claimant should have been granted compensation.

■ The employer and the Industrial Commission argue that A.R.S. § 23–1061(J) was never meant to allow a collateral attack on awards made by the Commission which have been allowed to become final for failure to timely pursue the remedies of hearing and appeal provided by statute. It is to be noted that this Court for many years held that the awards, intermediate and final, the orders and findings of the Industrial Commission are forever conclusive and res judicata unless a hearing and rehearing is requested and timely review has been sought in the courts. *Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969); *Pedigo v. Industrial Commission,* 104 Ariz. 433, 454 P.2d 975 (1969); *Wammack v. Industrial Commission,* 83 Ariz. 321, 320 P.2d 950 (1958); *Kelsey v. Industrial Commission,* 79 Ariz. 191, 286 P.2d 195 (1955).

■ We agree that the purpose of A.R.S. § 23–1061(J) is not to permit collateral attacks on the findings, orders, or awards of the Industrial Commission. Since the statutory system presently turns most of the claim processing over to the carriers for handling, the legislature through A.R.S. § 23–1061(J) has charged the Industrial Commission with the duty of investigating and reviewing claims to insure that the carriers are paying the benefits to which the claimants are entitled. The Industrial Commission, under the section in question, has the authority to require that claims for benefits, which have not been contested, are in fact paid and that the correct dollar amounts are paid. The statute has no effect on the review procedure of the legal sufficiency of the orders, findings, and awards of the Industrial Commission.

■ While the petitioner was not entitled to relief under A.R.S. § 23–1061(J) because that section was not applicable to his situation, the petitioner is entitled to have the award set aside. The Industrial Commission, through its counsel, candidly conceded that the petitioner has not had a hearing on the October 18 Notice of Claim Status. Within the sixty-day period provided in the Notice, the petitioner wrote his November 6 letter to the Industrial Commission. We agree with the conclusion advanced by counsel for the Commission that the letter was sufficient to be treated as a request for a hearing. Petitioner was never afforded a hearing; hence he has never had an opportunity to be heard, and his claim cannot be foreclosed by any subsequent action of either the Commission or the employer. *Davis v. Industrial Commission,* 103 Ariz. 114, 437 P.2d 647 (1968); *Waller v. Howard P. Foley Company,* 90 Ariz. 337, 367 P.2d 795 (1961). Without a hearing there can be no res judicata in this case. The award is set aside and the cause is remanded to the Industrial Commission for hearing on the Notice of Claim Status issued by the employer on October 18, 1972.

Award set aside.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.