559 P.2d 688

**Ausbert S. SANDOVAL, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Salt River Power District, Respondent Employer,**

**Salt River Power District, Respondent Carrier.**

**No. 1 CA–IC 1498.**

Court of Appeals of Arizona, Division 1, Department C.

Decided Dec. 9, 1976.

Rehearing Denied Jan. 12, 1977.

Review Denied Feb. 1, 1977.

Thur, Preston & Hungerford by Calvin C. Thur, Scottsdale, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

John S. Schaper, Phoenix, for respondent employer and carrier.

## OPINION

JACOBSON, Acting Presiding Judge.

On review of this Workmen's Compensation award several issues are presented: (1) Is the Notice of Claim Status void because the form contained printed language which stated that the employee "has returned to regular work without wage loss due to injury"[1] which inaccurately described the claimant's actual situation? (2) Is the Industrial Commission's determination that the petitioner's condition was stationary in August, 1973, supported by the evidence? (3) Is the Notice of Claim Status void because of a four-month delay between its issuance and its receipt by the petitioner's attorney? (4) Was the petitioner deprived of due process by the unilateral termination of temporary benefits by the self-insurer's insurance carrier?

As a prelude to an examination of these issues it will be illuminating to review the relevant procedural framework. Petitioner, Ausbert S. Sandoval, sustained an injury on September 7, 1971 while in the employ of the self-insurer respondent employer, Salt River Power District. Petitioner's claim was accepted for Workmen's Compensation benefits with a calculation of Average Monthly Wage approved by the Industrial Commission on November 15, 1971, and payment of benefits commenced as of the date of the injury. By Notice of Claim Status issued August 9, 1972, the respondent employer terminated both temporary compensation benefits, effective July 23, 1972, and medical benefits, effective August 4, 1972. A timely Request for Hearing on this issue was filed and a hearing ensued on December 4, 1972. On this date, the parties, by stipulation, agreed that the petitioner was entitled to remain on temporary disability status from July 23, 1972 until the date his condition became stationary. A Decision of the Hearing Officer ratified this agreement.

On January 24, 1973, petitioner filed an Objection to the Determination of Average Monthly Wage and requested a hearing on this issue. On June 11, 1973, a hearing was conducted and the decision rendered August 6, 1973 dismissed the Request for Hearing and the objections to the determination of Average Monthly Wage. Following post-decision procedures, the petitioner sought review of this decision by the Court of Appeals and this court, by memorandum decision (1 CA–IC 1044, filed December 3, 1974), affirmed the decision of the Industrial Commission. Prior to the petitioner's seeking the above-mentioned review, the respondent employer on August 31, 1973, issued a Notice of Claim Status terminating both temporary compensation benefits, effective August 8, 1973, and medical benefits, effective August 24, 1973. Concurrently, with that notice the employer advised the Commission that the petitioner had suffered a permanent disability, and a request was directed to the Commission to

---

1. This form, Industrial Commission of Arizona (ICA) form No. 04–0104–71 is no longer used by the Commission, and the language to which the petitioner objects does not appear in the form currently used by the Commission.

determine permanent benefits, pursuant to A.R.S. § 23–1047. However, a copy of the August 31, 1973 Notice of Claim Status was not received by the petitioner's attorney until January, 1974. On January 15, 1974, the petitioner filed Objections to this Notice of Claim Status and requested a hearing. The Commission declined to institute action on either the Request for Hearing or the request for determination of permanent partial disability benefits, being of the opinion that it lacked jurisdiction while an appeal was pending in the Court of Appeals. On April 16, 1974, this court issued its opinion in *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974), specifically determining that the Commission could exercise jurisdiction in a matter pending before the court in circumstances factually similar to the instant case.

Following the Court of Appeals memorandum decision which affirmed the hearing officer's decision on the determination of Average Monthly Wage, the petitioner instituted an action on April 14, 1975 in Maricopa County Superior Court asserting an assortment of claims against the respondent employer and Swett and Crawford, the managing agent for the self-insured respondent employer. On October 24, 1975 judgment was entered adversely to the petitioner and this judgment is the subject of a separate civil appeal currently pending before this court.

On June 3, 1975 a hearing was conducted pursuant to the petitioner's request of January 15, 1974 objecting to the August 31, 1973 Notice of Claim Status. On October 23, 1975 the hearing officer found that the petitioner's condition became medically stationary on August 24, 1973; that the August 31, 1973 Notice of Claim Status was correct; that it was fully supported by the evidence, and denied all the petitioner's objections to this Notice of Claim Status. Following administrative review procedures which affirmed the decision of the hearing officer, the instant review by certiorari was lodged.

■ Petitioner first contends that the Notice of Claim Status which stated that the employee "has returned to regular work without wage loss due to injury"[2] was knowingly false and therefore void. We are somewhat at a loss to understand what petitioner contends is the effect of that voidness, since he requested a hearing as to that Notice of Claim Status, which has the effect of suspending its operation and puts in issue the subject of the notice—in this case whether petitioner's condition had passed from a temporary state into one of permanency. *Massie v. Industrial Commission*, 113 Ariz. 101, 546 P.2d 1132 (1976). If his contention is that the employer must continue the employee on a temporary status until a "proper" Notice of Claim Status is issued, he is mistaken. It is important to note at this point that there is no contention that petitioner was misled by this notice which operated to deprive him of any procedural rights.

■ It is also crucial to note that a claimant's entitlement to benefits for industrial injuries flows from the statutory scheme as provided in our Workmen's Compensation Act. *Danner v. Industrial Commission*, 54 Ariz. 275, 95 P.2d 53 (1939). In particular, A.R.S. § 23–1021 details the benefits to which an injured industrial worker is entitled and these benefits can be provided only if a claimant is properly within the coverage of the statute. *Danner, supra; Lewis v. Industrial Commission*, 2 Ariz.App. 522, 410 P.2d 144 (1966). Accordingly, any rights which the claimant may possess as to benefits spring from the statute and not from the language contained in or omitted from a particular form which was provided by the Commission. The issue thus devolves into whether the petitioner was entitled to temporary disability benefits after August 24, 1973 or whether his condition had become stationary thus precluding temporary disability benefits but entitling him to permanent benefits. The principle is well established in workmen's compensation

---

**2.** This form language was mandated for use by the Commission pursuant to Rules 6 and 7, Rules of Procedure for Workmen's Compensation hearings.

proceedings that an injured workman's condition becomes stationary when it has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition. *Home Insurance Co. v. Industrial Commission*, 23 Ariz.App. 90, 530 P.2d 1123 (1975). The record provides medical testimony as to the stationary nature of petitioner's status as follows:

[testimony of Dr. William C. Brainard]

"Q. I want to clarify when it was that you felt he [claimant Sandoval] had reached a position where no further orthopedic treatment would be indicated. Is that as of Aug. 8, 1973?

"A. That's the first time I noted that.

\* \* \* \* \* \*

"Q. In other words, he was in as stable and stationary from the standpoint of his underlying physical condition that you felt he would be?

"A. At that time it was my feeling, yes.

\* \* \* \* \* \*

"Q. In any event, from an orthopedic standpoint as of Aug. 8, 1973, it was your conclusion that you had nothing specific in the way of treatment to provide which would further improve his condition.

"A. Other than just supportive care for his pain.

\* \* \* \* \* \*

"A. That's true, but there comes a point in time when one must say that even if there are undulations in the amount of pain and discomfort that it still has to be considered a stationary condition."

Based upon this exchange and our review of the record we are able to say that the petitioner's right to temporary compensation and medical benefits was properly terminated by the Notice of Claim Status issued August 24, 1973 upon petitioner's achieving a stationary status.

■ Petitioner next contends that a four month delay between the issuance of the Notice of Claim Status and the date it was served upon the petitioner's attorney voided the Notice of Claim Status and deprived the petitioner of his due process of law.

In our opinion, the delay in service does not void the Notice of Claim Status, but merely provides a legal excuse for not timely filing a Request for Hearing. *See MRF Construction Co. v. Industrial Commission*, 111 Ariz. 466, 532 P.2d 528 (1975); *Sill v. Industrial Commission*, 12 Ariz.App. 6, 467 P.2d 81 (1970). However, the untimeliness of the filing of the Request for Hearing on this delayed Notice of Claim Status was not raised by the respondent employer and petitioner subsequently was granted a hearing pursuant to his request and was provided a full opportunity to present the merits of his claim. Contrary to petitioner's assertion, the due process requirements of *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) have been complied with in the instant circumstances. *Mullane* requires notice reasonably calculated to apprise interested parties of the pendency of the action and to afford the opportunity to present objections, and not necessarily an adherence to a mechanistic procedural scheme. Herein, the issue of untimely filing of the Request for Hearing having not been raised, and the subsequent opportunity to present objections having been provided, we are unable to say that the delay in service upon the petitioner's attorney of the Notice of Claim Status prejudiced the petitioner's due process rights.

■ Lastly, the petitioner argues that the unilateral termination of temporary benefits by the self-insured respondent employer's insurance carrier deprived him of his constitutional right to due process of law. Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the due process clause of the fifth or fourteenth amendments to the United States Constitution. Assuming that the interest of the petitioner in the continued receipt of his temporary compensation benefits under the Workmen's Compensation Act is a statutory "property" interest properly protected by

the United States Constitution, the Supreme Court of the United States has consistently held that some form of hearing is required before an individual is finally deprived of a property interest. *Wolff v. McDonnell*, 418 U.S. 539, 557–558, 94 S.Ct. 2963, 2975–2976, 41 L.Ed.2d 935 (1974); *see, e. g., Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 596–597, 51 S.Ct. 608, 611–612, 75 L.Ed. 1289 (1931). However, the fundamental requirement of due process is an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Here, the Notice of Claim Status which terminated temporary compensation benefits was objected to by the petitioner and a full evidentiary hearing concerning these objections was conducted on June 3, 1975. As a result of this hearing, the hearing officer found that the petitioner's condition became medically stationary on August 24, 1973; that the Notice of Claim Status was correct, and that the Notice of Claim Status which terminated temporary compensation benefits was fully supported by the evidence. Since the petitioner was accorded an opportunity to be heard "meaningfully" in a full evidentiary hearing before final termination of temporary compensation benefits we are unable to say that the procedure utilized constituted a deprivation of due process of law.

Since a recipient whose benefits are terminated by the Notice of Claim Status is awarded full retroactive relief if he ultimately prevails his sole interest is in the uninterrupted receipt of this source of income pending final administrative decision on his claim. In this regard, the petitioner contends his potential injury is similar to that of the welfare recipient in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) which required a due process hearing prior to interruption of benefits. In our opinion, the effect of *Goldberg* in this area has been weakened by subsequent United States Supreme Court decisions. *See Note, Specifying the Procedures Required by Due Process: Toward Limits on the Use of Interest Balancing*, 88 Harv.L.Rev. 1510 (1975). Thus, in the recent decision of *Mathews v. Elridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the court concluded that due process does not require an evidentiary hearing be conducted prior to the termination of social security disability benefits.

■ In any event, the cessation of temporary benefits may or may not have the effect of terminating compensation. Rather, this determination is merely a shift under the statutory scheme from benefits to which the claimant is entitled while his condition is temporary to benefits he may be entitled to when his condition becomes permanent. While procedurally this determination may result in the interruption of benefits, all benefits which the claimant will be entitled to under his permanent status are paid retroactively to the date of termination of temporary benefits. *See*, A.R.S. §§ 23–1044 and 23–1047. Only the Commission, not the carrier or the employer, has the right to terminate permanent benefits. *Harbor Insurance Co. v. Industrial Commission*, 24 Ariz.App. 197, 537 P.2d 34 (1975). It is to be noted that simultaneously with the Notice of Claim Status terminating temporary benefits, the employer requested the Commission to determine petitioner's permanent benefits. That the Commission has not done so can be laid directly to the pursuit by the petitioner of reviews to this court.

In short, we find no due process hearing is required prior to a determination by the employer or its carrier that a claimant's condition has passed from a temporary to a permanent status, provided the claimant is given an opportunity to adequately contest that determination.

The award of the Industrial Commission is affirmed.

HAIRE, C. J., and SCHROEDER, J., concur.