398 P.2d 920

**Frances Evelyn REILLY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and E. L. Gruber Underwear Company, Respondents.***

**No. I CA–IC 5.**

Court of Appeals of Arizona.

Feb. 11, 1965.

Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

---

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 7882. The Arizona Supreme

Donald D. Holroyd, Phoenix, for petitioner.

Marks & Marks, Laurence Davis, Phoenix, for respondent E. L. Gruber Underwear Co.

Richard J. Daniels, Phoenix, for respondent International Commission of Arizona.

CAMERON, Judge.

Petitioner, Frances Evelyn Reilly, filed her claim for benefits with the Industrial Commission, on 26 July, 1961, alleging that she sustained an injury while employed as a seamstress by the employer and respondent, E. L. Gruber Underwear Co. Petitioner is a 49 year old woman, and was employed by the E. L. Gruber Underwear Company as a power sewing machine operator in October of 1955. She continued this employment until July, 1961, when, by reason of her impaired physical condition, she was forced to leave. Dr. Westfall, a specialist in the field of internal medicine, examined petitioner and found her primary complaint to be that of progressive shortness of breath of one year's duration.

She was hospitalized and her condition was diagnosed as chronic pulmonary emphysema, a disease affecting the terminal air sacks of the lung tissue. It was his testimony that there was a 50% loss of

pulmonary function, and that she probably suffered from byssinosis. He described byssinosis as a sensitivity reaction which occurs in some individuals when they are exposed to high concentration of lint fibers. The doctor was of the opinion that exposure to the lint was a pertinent factor in the resulting pulmonary emphysema in petitioner.

Testimony by the petitioner at the hearing indicated that at times when she would come out of the work area, at the end of the day, her hair would be white and her shoulders and arms white with the cotton lint, and that there was cotton lint present in the air in which she worked at the Gruber Co. plant. She testified that she first had difficulty breathing approximately a year before she quit.

There is sufficient evidence to sustain a finding that the petitioner sustained an injury which arose out of and during the course of her employment. However, we are not called upon to determine this fact. The petitioner in her petition for Writ of Certiorari, states in paragraph three as follows:

"That the petitioner was, between the years 1955 and 1961, an employee of the respondent, E. L. Gruber Underwear Company. That during said period petitioner sustained serious injury in that she contacted a disease known as byssinossis, by reason of the inhalation of cotton dust. That said injury rose out of and during the course of her employment."

The response to the Writ of Certiorari, filed for and on the behalf of the Industrial Commission, specifically admits the allegation in paragraph three of the petition for Writ of Certiorari. Respondent, E. L. Gruber Underwear Co., filed no response to the petition for Writ of Certiorari, but did file a brief.

■ It being admitted as above set forth that the petitioner contacted a "disease known as byssinossis by reason of the inhalation of cotton dust", and that "said in-

jury arose out of and during the course of her employment", and it being conceded that byssinosis does not come under the provisions of the Occupational Disease Disability Law, Section A.R.S. 23–1102 et seq., the sole question presented to this court is whether or not an employee who contacts byssinosis as a result of repeated exposure to, and the inhalation of, cotton dust and lint, in the course of her employment, has sustained an injury by *accident* rising out of and in the course of employment, within the meaning of the Arizona Workmen's Compensation Law, Sec. 23–901 et seq., ARS.

■ The Workmen's Compensation Act is remedial, and its terms should be liberally construed in order to effectively carry out the purpose for which it was intended, that being to place the burden of injury and death from industrial causes upon industry as a whole, Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961), Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953). While the act does not contemplate a general health and accident fund, nevertheless, if there is a causal connection between the employment and the injury, the act does apply, Buick v. Industrial Commission, 82 Ariz. 129, 309 P.2d 257 (1957).

The word "accident" has given the courts a great deal of difficulty in the interpretation of Workmen's Compensation statutes. The early court decisions held to a more restrictive definition of the word "accident" or the phrase "injury by accident" or "industrial accident". The Texas Court of Appeals quite recently cited with approval the older and more restrictive definition as follows:

"An industrial accident or accidental injury can always be traced to a definite time, place and cause, whereas an industrial disease is of slow and gradual development, and the time, place and cause thereof are not susceptible to a definite ascertainment." Frazier v. Employers Mutual Casualty Company, Tex.Civ.App., 368 S.W.2d 955 (1963).

Our Supreme Court early held to the view that to constitute an "accident" there must have been a sudden, unexpected or violent event resulting in injury, Pierce v. Phelps Dodge Corporation, 42 Ariz. 436, 26 P.2d 1017 (1933).

The more recent decisions of our Supreme Court show a change in its thinking. It has indicated that an employee contacting a disease may recover compensation as for an injury by accident arising out of and in the course of his employment. Treadway v. Industrial Commission, 69 Ariz. 301, 213 P.2d 373 (1950), and that the terms "disease" and "accident" are no longer considered mutually exclusive. Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961).

The Arizona Supreme Court has held that there was an "accident" within the meaning of the statute; where a man developed pneumonia as the result of operating a diesel powered tractor with a cracked exhaust pipe, Dunlap v. Ind. Com., above cited; where a diabetic workman rubbed a blister on his foot which became infected, thereby necessitating amputation, Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962); where petitioner died as a result of carbon tetrachloride poisoning which was inhaled over a period in excess of 2 and ½ months In re Edna S. Mitchell, 61 Ariz. 436, 437, 150 P.2d 355 (1944); and from the inhalation of nitric oxide and sulphur dioxide fumes, English v. Industrial Commission, 73 Ariz. 86, 237 P.2d 815 (1951). In this (English) case, the petitioner resigned his employment in 1945, and did not discover that he had been disabled as a result of his employment until 1950, five years later.

From the reading of these cases, we find that the law in Arizona is that when a condition has developed, not instantaneously, but gradually, over a period of time, resulting in a definite though unexpected injury or disease, which injury or disease is definitely work-connected, then said injury or disease is the result of an "accident" within the terms of our Workmen's Compensation Act, and is compensable.

The Tennessee Supreme Court has stated the matter as follows:

"It is true that some jurisdictions may require a suddenness of mechanical or structural change. But in this state we have followed Professor Larson's suggestion that even where both the cause and effect are gradual rather than sudden, the repeated impact or inhalation theory may be used to show compensable accidental injury. Brown Shoe Co. v. Reed, supra, 209 Tenn. 106, 115, 350 S.W.2d 65." Central Motor Expressway v. Burney, 377 S.W.2d 947 at 950 (1964).

This brings us to one other question. The Arizona Supreme Court and indeed most of the cases we have read concerning examples of "Gradual Injury", have qualified injuries to those that are traceable to a definite time and place, Dunlap v. Industrial Commission, above cited, Treadway v. Industrial Commission, above cited. The reason for this is sound. If the time and place of the injury cannot be established, it is not known which employer is responsible under the act or whether the petitioner was covered at the time of the accident or injury. This poses no problem in the instant case. Though the injury was gradual rather than sudden, still the injury took place during the time petitioner was working for respondent E. L. Gruber Underwear Company, and at the place of employment.

It is ordered that the findings and award of noncompensable claim be set aside.

STEVENS, C. J., and DONOFRIO, J., concur.