467 P.2d 81

**Marny R. SILL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Good Samaritan Hospital, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 303.**

Court of Appeals of Arizona, Division 1, Department A.

April 1, 1970.

Rehearing Denied April 27, 1970.

Review Denied May 19, 1970.

STEVENS, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award of The Industrial Commission issued on 30 April 1969. The award found that petitioner's claim was noncompensable.

The petitioner is a registered nurse and was employed at the Good Samaritan Hospital as an operating room nurse. One of the conditions of her employment was that she have chest X rays taken to determine the presence or absence of tuberculosis. The petitioner was X-rayed in February 1964 and again in November 1965. As a result of an X ray taken in October 1966, the petitioner discovered that she had acute pulmonary tuberculosis. She was seriously ill and was hospitalized for the condition.

Two questions are presented on review: One, does this Court have jurisdiction to review this award of the Commission? Two, is the award of the Commission reasonably supported by the evidence?

## JURISDICTION

The Commission contends that this Court is without jurisdiction to review the lawfulness of this award because the notice of protest of the previous award, issued 10 June 1968, was not filed within the 20-day period provided by The Industrial Commission Rules. Copies of that award were sent to the respondent employer and to the claimant, but no copy was sent to the claimant's attorney until 15 October 1968. A notice of protest was filed on behalf of the claimant on 4 November 1968. Although the hearing officer recommended that the petition for hearing be dismissed, the Commission overruled this and required that a decision be made upon the merits. On 30 April 1969, The Industrial Commission entered the noncompensable claim award which is here for review.

It is the Court's opinion that this Court has jurisdiction to review the award. The record before us shows that on 25 April 1967, the Commission filed a letter ad-

Gorey & Ely, by Herbert L. Ely and Jeffrey D. Bonn, Phoenix, for petitioner.

Donald L. Cross, Phoenix, Chief Counsel for the Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for State Compensation Fund.

dressed to it, signed by the claimant, which includes the following paragraph:

"You are hereby authorized to allow my attorneys and their designees access to any and all records which are or may be in your possession * * * and to direct all correspondence, including checks payable to my order to (name and address of the attorney followed)."

 The Commission admitted in its briefs and in its oral argument that service was not made on the attorney for the claimant until 15 October 1968, four months after the filing of the award. Several rules of The Industrial Commission are applicable to this case. Rule 37 provides, in part:

"Any party aggrieved by any award or decisions of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, 1616 WEST ADAMS STREET, PHOENIX 7 ARIZONA, within twenty (20) days *after the service of the award* or decision complained of * * *." (Emphasis Supplied).

Rule 42 provides for personal service, Rule 43 provides for service by mail, Rule 44 is entitled "Service Upon Attorney" and states "[s]ervice upon an attorney who has appeared in behalf of a party will constitute service upon such party." It is the opinion of the Court that service upon the claimant who had previously given written authorization for service to be made upon her attorney, who was an attorney of record, was not valid service. Therefore, the time for filing a protest or petition for rehearing did not start to run until service was made upon the attorney. The Commission was correct in ordering the referee to make the decision upon the merits.

## EVIDENCE

The petitioner does not contend that her pulmonary tuberculosis was caused by conditions present in her employment. Rather, it is her contention that an "accident" arose when the radiologist employed by the

employer failed to correctly diagnose her beginning symptoms of tuberculosis which were evident, it is uncontradicted, in the 1965 X ray. We do not agree with this contention. In Reilly v. Industrial Commission of Arizona, 1 Ariz.App. 12, 398 P. 2d 920 (1965), after pointing out that the Workmen's Compensation Act is remedial and its terms should be liberally construed, we went on to say:

"* * * [a]n employee contacting a disease may recover compensation as for an injury by accident arising out of and in the course of his employment, (citation omitted) and that the term 'disease' and 'accident' are no longer considered mutually exclusive (citation omitted)." 1 Ariz.App. at 15, 398 P.2d at 923.

The Supreme Court has defined the term "[an] accident arising out of and in the course of his employment" with some specificity in City of Phoenix v. Industrial Commission of Arizona, 104 Ariz. 120, 449 P.2d 291 (1969):

"An injury or accident occurs in the course of his employment if the employee is injured while he is doing what a man so employed may reasonably do within a time during which he is employed and at the place where he may reasonably be during that time. 'The words "in the course of" refers to the time, place, and circumstances under which it occurred.' (citations omitted) "We believe a fair interpretation of the term 'arising out of' to be that the cause producing the accident must flow from a source within the employment. The source must have its situs in some risk inherent in the employment or incidental to the discharge of the duties thereof. In other words there must be some causal relation between the employment and the injury. (citations omitted)." 104 Ariz. at 122, 449 P.2d at 293.

 The evidence in the instant case establishes that the petitioner had the disease in its beginning stages at the time of her first employment X ray. Thereafter, the disease became worse as the result of its

natural progression and not due to any risk inherent in the employment. It is the opinion of the Court that the failure of the doctors to diagnose the tuberculosis was not an "accident" within the meaning of the Workmen's Compensation Act.

Other questions were presented by the appeal relating to whether the evidence reasonably supported the award, but having reached the determination that there was no accident, it is our opinion that it is not necessary that we discuss them.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.