497 P.2d 531

**LUMBERMAN'S MUTUAL CASUALTY COMPANY and Gardner Carpet Service, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**State Compensation Fund, Respondent, Raymond J. Jackowiak, Respondent Employee.**

**No. l CA–IC 641.**

Court of Appeals of Arizona, Division 1, Department A.

June 1, 1972.

Rehearing Denied Aug. 22, 1972.

Review Denied Oct. 3, 1972.

Lewis & Roca, by John P. Frank, John A. Miller and David L. Cocanower, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent Commission.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Crossman, Phoenix, for State Compensation Fund.

William B. Revis, Phoenix, for respondent employee.

STEVENS, Presiding Judge.

The two basic problems presented are:

1. Whether the injured workman sustained a compensable accident in 1970; and

2. Whether it is appropriate to apportion the financial obligations between the carrier at the time of the 1967 accident and the carrier at the time of the 1970 accident.

Raymond J. Jackowiak, herein referred to as Jackowiak, was, at all times material to this opinion, employed by the Gardner Carpet Service, herein referred to as the employer. He sustained an industrially related injury to his back on 18 May 1967. The employer was then insured by the State Compensation Fund, herein referred to as the Fund. The claim which was filed was assigned No. BE 21531. On 13 January 1968 Jackowiak submitted to surgery and a laminectomy was performed excising the disk at the L3–L4 level. The disk space at L4–L5 level was reviewed and not surgically treated. The 1967 claim was closed by an award dated 30 June 1969 wherein it was determined that he had "suffered a 5% general physical functional disability as a result of said injury by accident." There was no award for loss of earning capacity. The award became final.

The workmen's compensation law was extensively amended effective 1 January 1969 and pursuant to the changes new claims as well as petitions to reopen after that date are processed differently than those prior to 1 January 1969. On 17 April 1970 Jackowiak filed a petition to reopen claim No. BE 21531 and the same file was assigned a new number and carried forward as claim No. O/Z 02–51. The reopening was denied and not further processed.

In the meantime the employer secured its insurance from Lumberman's Mutual Casualty Company, herein referred to as Lumberman's, one of the petitioners before this Court. On 1 August 1970 Jackowiak experienced further back problems and thereafter filed a new claim which was assigned claim No. O/5 29–16. For convenience we will refer to the two claims as the 1967 claim and the 1970 claim. Lumberman's rejected the 1970 claim stating as its reason "injury not related to present employment." Prompt procedural steps were taken by Jackowiak in relation to the rejection and on 16 September 1970 he filed a petition to reopen the 1967 claim. Wisely both of these matters were set for a consolidated hearing which was held on 6 and 7 January 1971.

Following the 1 August 1970 situation Jackowiak experienced pains which differed from those which he experienced following the 1967 accident. These pains were diagnosed as emanating from a disk problem at the L5–S1 level.

After the 1967 accident and prior to 1 August 1970 Jackowiak returned to his employment with the employer. He was assigned lighter duties as the doctors recommended that he not engage in heavy lifting. He was not constantly employed due to disabling pain in his lower back. He was employed in lighter work during the month of July 1970. On Saturday, 1 August 1970, in the late morning and early afternoon he was engaged in heavy work removing two water soaked wall-to-wall carpets and their pads and loading them

onto the employer's vehicle to take them to the employer's shop. He did not experience any unusual pain and there was no single instance of sharp pain. Thereafter he went to his home and relaxed by lying on the floor. Not long thereafter, the time being estimated from one quarter hour to an hour, he was unable to rise. The pain became increasingly severe and he was hospitalized.

## WAS THERE AN INDUSTRIAL ACCIDENT IN 1970?

■ Lumberman's strenuously urges that under these circumstances there was no industrial accident on 1 August 1970 and that therefore it cannot be held responsible for the payment of any compensation arising therefrom. The file reflects affirmative medical evidence that there was a direct causal relationship between his 1 August work and the L5–S1 disk problem. We have no difficulty affirming the legal conclusion reached by the hearing officer and affirmed by the Commission that there was a legal causal relationship between the 1 August 1970 work and the disk problems evidenced shortly thereafter. In our opinion, the principles set forth in Paulley v. Industrial Commission of Arizona, 91 Ariz. 266, 371 P.2d 888 (1962), support the finding of a compensable industrial injury by accident on 1 August 1970 even in the absence of any evidence of an event during work which at that moment produced pain. As was stated in Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965):

> "* * * we find that the law in Arizona is that when a condition has developed, not instantaneously, but gradually, over a period of time, resulting in a definite though unexpected injury or disease, which injury or disease is workconnected, then said injury or disease is the result of an 'accident' within the terms of our Workmen's Compensation Act, and is compensable." 1 Ariz.App. at 15, 398 P.2d at 923. Accord; Copper v. Industrial Commission, 11 Ariz.App. 192, 463 P.2d 87 (1970); Davis v. Industrial Commission, 2 Ariz.App. 148, 406 P.2d 866 (1965).

## APPORTIONMENT

■ Lumberman's urges that there should be some apportionment between the two carriers. We are unable to agree. The 1967 injury and the 1970 injury were separate and distinct. In Continental Casualty Company v. Industrial Commission of Arizona, 8 Ariz.App. 289, 445 P.2d 846 (1968), under a fact situation far more compelling than the case now under consideration, we suggested that the Commission give consideration to apportionment between the carriers. On review our Supreme Court in its opinion 104 Ariz. 499, 455 P.2d 977 (1969), vacated our opinion. From our review of the record it is our opinion that if there is apportionment between carriers in Arizona, the record fails to present a factual basis for its application.

The award of the hearing officer at the conclusion of the consolidated hearing held that Jackowiak sustained a compensable accident on 1 August 1970 and that the financial responsibility rested with Lumberman's. The same award denied the Jackowiak petition to reopen the 1967 claim. These decisions were approved by the Commission and by this Court they are,

Affirmed.

CASE and DONOFRIO, JJ., concur.