532 P.2d 528

**MRF CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Robert F. Finerd, Respondent Employee.**

**No. 11775-PR.**

Supreme Court of Arizona, In Banc.

March 10, 1975.

Rehearing Denied April 8, 1975.

Davis & Eppstein by Robert W. Eppstein and Lars Pedersen, Tucson, for respondent employee.

CAMERON, Chief Justice.

We granted a petition for review of an opinion and memorandum decision of the Court of Appeals, Division One, Department B, which set aside an award of the Industrial Commission of Arizona.

We must answer the following questions:

1. Was the request for hearing filed within 60 days of the receipt of the notice of claim status terminating benefits as required by A.R.S. § 23–947?

2. Do the facts support the award?

The following facts are necessary for a determination of this matter on appeal. Petitioner sustained an injury by accident arising out of and in the course of his employment on 9 May 1972. At the time of the injury the petitioner was 18 years of age. After hospitalization for treatment, the petitioner, dissatisfied with the medical attention he was receiving, signed himself out of the hospital and sought the services of a family physician. On 25 May 1972, the petitioner consulted and retained Robert Eppstein, attorney at law, to represent him in the matter. Although a written authorization was not filed with the Industrial Commission as required by Rule 5(a), Rules of Procedure Before the Industrial Commission of Arizona, respondent insurance carrier entered into negotiations with Mr. Eppstein concerning the workman's condition. At the hearing Mr. Eppstein testified as follows:

"MR. EPPSTEIN: * * * On May 26, I called Mr. Cradit of UF&G, and he told me he had not received the 21 day notice on the case from the Industrial Commission, and that he did not usually wait to get it but because of complications in this case, particularly the checking out of the hospital, he intended to wait, and furthermore, to wait for a written report which Dr.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for petitioners.

Edward F. Cummerford, Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Cole had promised him by telephone and which he had not yet received. He said at the time he expected to accept the claim but that he might terminate it at the same time, and he further said, in which case he assumed that if I didn't like it we could go from there. On that date I advised him that I represented the applicant, but I did not send him a written authorization of representation. At that time also I requested copies of medical portions of the carrier file.

"HEARING OFFICER: Have you any idea as to what date that was, Mr. Eppstein?

"MR. EPPSTEIN: Yes, May 26.

"HEARING OFFICER: This was May 26?

"MR. EPPSTEIN: All May 26. I am not certain whether it was at that time or—well, I am not sure whether it was at that time or later that I requested the copies of the medical records and other records from the carrier file, but I did receive those in my office, from the carrier, on July 19, 1972. I received nothing from the carrier between the date of my May conversation and July 19, 1972. The package of papers that I received on July 19, included a Zerox copy of a Notice Of Claim Status of June 19, 1972, which terminated compensation and discharged with no residual disability. I did not know that I had that Notice Of Claim Status in with the other papers and I simply filed all of those papers in the applicant's file and did nothing until September 7 or 8, of 1972, on which date, if my memory serves me, I called the carrier and found out that the case had been closed by a Notice Of Claim Status, re-examined my own file, found I couldn't read the printed date on the Zerox of the Notice Of Claim Status, that it had been mailed, called the carrier and got the exact date from the carrier, found out the 60 days had passed, and I immediately filed a late Request For Hearing. That is exactly what happened, and if anybody has any questions I'll be happy to answer them."

The request for hearing dated and mailed 8 September 1972 was 84 days after the workman received the notice of claim status, but within 60 days from the date the attorney received a copy of the notice of claim status from the respondent carrier.

After a hearing, the hearing officer made findings of fact as follows:

"16. That Rule 58(a) of the Rules of Procedure Before the Industrial Commission of Arizona provides that service of an award, decision, order, subpoena, notice or any other matter required by law to be served shall be made upon an interested party and his authorized representative.

"17. That in Sill v. Industrial Commission, 12 Ariz.App. 6, 467 P.2d 81 (1970), the Court stated that the time for filing a petition for a hearing did not start to run until service was made upon the attorney, that herein a request for hearing was filed within 60 days after service on the applicant's attorney on July 19, 1972 of the Notice of June 19, 1972.

"18. That the request for hearing was timely filed herein and the Industrial Commission has jurisdiction in the premises."

The hearing officer also awarded medical and temporary disability compensation benefits.

The carrier filed a request for review with the Industrial Commission. The Commission made the following findings and award:

FINDINGS

"1. That the DECISION UPON HEARING AND FINDINGS AND AWARD FOR COMPENSABLE CLAIM entered herein on the 29th day of December, 1972, is fully supported by the evidence and is hereby affirmed.

AWARD

"IT IS ORDERED that the DECISION UPON HEARING AND FINDINGS AND AWARD FOR COMPENSABLE CLAIM entered herein on the 29th day of December, 1972, be, and the same is hereby affirmed."

The carrier brought a writ of certiorari to the Court of Appeals, Division One, and the Court of Appeals reversed the findings of the hearing officer and the decision of the Industrial Commission stating:

"The record shows that neither the respondent employee nor his attorney filed a written authorization with the Commission to constitute the attorney his 'authorized representative' as defined by Rule 5(a), Rules of Procedure before The Industrial Commission of Arizona (September 1, 1970). Furthermore, it shows that at the December 14, 1972 hearing respondent employee stipulated that he had in fact timely received the June 19, 1972 Notice of Claim Status terminating his benefits. Under these circumstances Rule 58, Rules of Procedure, supra, was satisfied with the service of Notice on respondent employee because there was no 'authorized representative.' It was therefore incumbent upon the respondent employee to file a request for hearing within 60 days as required by A.R.S. § 23–947 or the Notice would become final. The record shows that he failed to do this, but filed his request some 84 days subsequent to the June Notice date. The implications stemming from the hearing officer's findings 16, 17, and 18 are that Attorney Eppstein was the respondent employee's 'authorized representative' and the evidence just does not support these findings or their inferences. Since these findings are central to the disposition of the issue before us, the award must be set aside."

■ We disagree. The purpose of Rule 5(a) of the Rules of Procedure Before the Industrial Commission is to give notice not only to the Commission but to others such as the carrier that the workman is represented by a particular attorney. The respondent carrier, actively negotiating with the attorney both before and after the notice was mailed to the workman on 19 June 1972, at no time questioned Mr. Eppstein's right to represent the workman.

In Sill v. Industrial Commission, 12 Ariz.App. 6, 467 P.2d 81 (1970), the Court of Appeals stated:

"* * * It is the opinion of the Court that service upon the claimant who had previously given written authorization for service to be made upon her attorney, who was an attorney of record, was not valid service. Therefore, the time for filing a protest or petition for rehearing did not start to run until service was made upon the attorney. The Commission was correct in ordering the referee to make the decision upon the merits." Sill v. Industrial Commission, supra, at 8, 467 P.2d at 83.

■ In the instant case, the notice of claim status was received by the attorney on 19 July 1972, and while the lack of attention to detail on the part of the workman's attorney could have jeopardized the rights of the workman had his attorney not discovered the matter in time, nevertheless the motion for rehearing was made within 60 days of that notice. We hold under the circumstances of this case that the request for hearing was timely filed. We agree with the statement of Judge Ogg of the Court of Appeals:

"In practically all other fields of law we have rules and abundant case law which affords relief in appropriate cases where a party fails to meet a specific time limitation. Rule 60(c), Rules of Civil Procedure (Vol. 16, ARS), allows defaults to be set aside for numerous reasons in the interest of justice. It is the announced general policy of law that cases should be tried on their merits and not disposed of on technicalities. (citations omitted)

"These broad legal concepts have particular meaning in the field of Workmen's Compensation where the statutes are re-

medial in nature and are to be interpreted liberally to see that justice is done. (citations omitted) The fact that a claimant must take some affirmative action after every notice of claim status during the processing of his claim means we have numerous time limitation pitfalls for the unwary claimant and his attorney." In Re Trull, 21 Ariz.App. 511, 513–514, 520 P.2d 1188, 1190–91 (1974).

We further hold that the record before this court supports the award of the hearing officer and the Commission for medical and temporary disability compensation benefits to the workman.

Opinion and decision of the Court of Appeals, Division One, Department B, vacated. Award of the Industrial Commission affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.