Argued November 18, affirmed December 29, 1975, reconsideration
denied February 4, petition for review denied February 24, 1976

MATTHEWS, *Appellant, v.* PROVIDENCE
HOSPITAL (No. 413-478) (CA 4760), *Respondent.*

543 P2d 685

*Bert E. Joachims,* Portland, argued the cause for
appellant. With him on the brief were Klosterman &
Joachims, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause
for respondent. With him on the brief were James

Huegli and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

In this workman's compensation case the deceased claimant entered the employment of Providence Hospital in 1967. Regulations of the Oregon State Board of Health required hospital employes to have chest x-rays annually. Accordingly, the Providence Hospital radiology department took annual x-rays which were recorded as normal until 1972. The 1972 chest film revealed an abnormality and deceased was immediately advised to see a physician. The physician determined that the abnormality was cancer. The cancer ultimately caused his death.

This appeal is from an order of the circuit court affirming an order of the Workmen's Compensation Board denying compensation.

It is contended on appeal that a proper reading of the 1971 x-ray, and possibly even the 1970 x-ray, would have disclosed an abnormality. It is further contended that as a consequence, (1) deceased was injured by not being alerted to seek medical treatment earlier, (2) that this resulted from the failure to note the abnormality in the 1971 or 1970 x-ray, and (3) that since the failure was causally connected with an employment health test, the injury was one arising out of and in the course of employment and was therefore a compensable injury under ORS 656.002(7)(a).[1]

---

[1] "A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in

We find that the 1970 and 1971 x-rays were within normal limits.

One physician, in an "informal retrospective opinion," reported a "right middle lobe mass" in the 1971 film. He could not comment, however, on whether the suspected abnormality could have been identified without the availability of the 1972 diagnostic x-ray. Later, this physician discounted his competence to read x-ray films, noting that he had received no formal training in diagnostic radiology and was therefore not qualified to issue reports in that field.

Another physician who had suspicions that an abnormality was evidenced prior to 1972 recognized that his findings were influenced by his knowledge of the case. He wrote:

"The right cardiac border is ill-defined as compared with the film of November, 1970. The lack of a clear-cut right cardiac border would make me suspicious that there was an abnormality in the right middle lobe. However, the degree of abnormality is not so great as to make one be absolutely certain that the chest film is abnormal. My interpretation of the film, however, is colored by the fact that I know the patient's case."

On the other hand, three qualified diagnostic radiologists who viewed all the films believed the 1970 and 1971 x-rays were within normal limits.

There is support for the proposition that even if a proper reading of the 1970 and 1971 x-rays would have disclosed an abnormality, the failure to so interpret them would not have given rise to a compensable claim. *See,* 1 Larson, The Law of Workmen's Com-

the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means." ORS 656.002(7)(a).

pensation, § 27.32, n 24 (1972) ; *Sill v. Industrial Commission,* 12 Ariz App 6, 467 P2d 81 (1970). However, in view of our finding on the threshold question of fact, we do not reach that issue.

Affirmed.