475 P.2d 765

**CONTINENTAL CASUALTY CO.,**
Petitioner,

**J. A. Wood, Petitioner Employer,**

v.

**Pedro MEJIA, Respondent,**

**Industrial Commission of Arizona,**
Respondent.

**No. 1 CA–IC 402.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 27, 1970.

Spencer K. Johnston, Phoenix, for petitioners.

Stephen S. Gorey, Gorey & Ely, Phoenix, for Pedro Mejia.

Donald L. Cross, Chief Counsel, Phoenix, for the Industrial Commission of Arizona.

EUBANK, Presiding Judge.

We granted our writ of certiorari to review the lawfulness of the award of the Industrial Commission in a situation where it is admitted by the parties that the medical evidence adduced at the April 7, 1969, formal hearing established that the last medical attention that respondent received was on January 28, 1969, and that in spite of this evidence the Commission awarded medical benefits through April 7, 1969.[1] Reviewing the record we find that

1. This case was decided under the statutory law as-it existed prior to January 1, 1969.

the petitioner is correct and that the award, on the basis of the evidence, should have been limited to January 28, 1969. However, the record also shows that no claim was made by respondent-Mejia for medical benefits for the questioned period of time; consequently, it is our opinion that the error is harmless and does not require that the award be set aside on this basis.

Petitioner raises two additional questions concerning Commission Rule 60, which provides that no employee may leave the state without written approval of the Commission, and Commission Rule 35, relating to the issuance of a subpoena by the Commission.

Concerning the Rule 60 question, the claim file #NJ 8516 shows written notice to the Commission that the respondent-Mejia, an itinerant worker, would be out of the state seeking employment. It also shows that he was present at the formal hearing and did testify that the medical bills introduced into evidence resulted from his industrial injury. But there is no evidence in the file of written permission by the Commission for him to leave the state as required by Rule 60. At the formal hearing the opportunity to cross-examine the respondent-Mejia was available to the petitioner although it did not exercise the opportunity. The record fails to show how the failure to comply with Rule 60 prejudiced the interests of the petitioner. See Carabetta v. Industrial Commission, 12 Ariz.App. 239, 469 P.2d 473 (1970). We can see none.

Regarding the Commission's Rule 35 question, the petitioner requested the Commission to issue its subpoena duces tecum to require the respondent-Mejia to produce his income tax returns for the years 1967 and 1968. The Commission complied. At the formal hearing respondent-Mejia produced only Internal Revenue Department Forms W-2 for the requested period. No objection was made either to the failure to produce the income tax re-

turns or the introduction into evidence of the W-2 Forms. Under these circumstances, we hold that the petitioner waived its right to raise this question on appeal.

The award is affirmed.

HAIRE and JACOBSON, JJ., concur.