515 P.2d 898

Vincent C. **FRANTZ**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

**Ram Construction (MRF Construction)**, Respondent Employer,

**United States Fidelity & Guaranty Company**, Respondent Carrier.

No. 1 CA–IC 860.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 15, 1973.

Rehearing Denied Dec. 20, 1973.

Rabinovitz & Minker, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Ariz.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

OPINION

HAIRE, Judge.

The sole issue raised in this review of an award entered by the respondent Commission in a workmen's compensation pro-

ceeding is whether the petitioner should have been awarded compensation benefits for a three month period during which time he was outside the state of Arizona without the approval of the Commission.

The petitioner agrees that the facts show that he left the state while the necessity for having medical treatment continued, without obtaining the written approval of the Commission, although he did obtain the oral consent of his doctor. In our opinion the consent obtained from his doctor was insufficient. A.R.S. § 23–1071 provides as follows:

"No employee may leave the state of Arizona or the locality in which he is receiving treatment while the necessity of having medical treatment continues, without the written approval of the commission. Any employee leaving the state of Arizona or the locality in which he is receiving medical treatment without such approval will forfeit his right to compensation during such time, as well as his right to reimbursement for his medical expenses, and any aggravation of his disability, by reason of the violation of this section, will not be compensated."

The statute specifically requires written consent from the Commission, not from a party's doctor, and there is no provision in the workmen's compensation statutes which would allow the Commission to delegate this authority to a doctor engaged by one or both of the parties.

Petitioner correctly points out that there is nothing in the evidence to show that his condition was aggravated by his absence from the state. The question of the presence or absence of aggravation is not pertinent here. A.R.S. § 23–1071 clearly provides for the absolute forfeiture of the right to compensation during the time the claimant is out of state without the Commission's written approval while the necessity of having medical treatment continues. As stated above, petitioner admits that at the time of his departure from the state there was a necessity for continued medical treatment.[1] Therefore, the only precondition to the statutory forfeiture was met, and the Commission had no alternative but to deny benefits for the period in question. (Cf. Meva Corporation v. Industrial Commission, 15 Ariz.App. 20, 485 P.2d 844 (1971), where the need for continuing medical treatment had ceased prior to the time the claimant left the state).

Petitioner's reliance upon Carabetta v. Industrial Commission, 12 Ariz.App. 239, 469 P.2d 473 (1970) is misplaced. There the claimant was seeking benefits (accruing after he returned to this state) resulting from an out-of-state aggravation of his previously incurred disability. At that time Commission Rule 60 contained provisions substantially identical to the present provisions of A.R.S. § 23–1071. We analyzed the rule as follows:

"The sanctions imposed for the violation of Rule 60 are, by its terms, as follows:

"(1) The violator forfeits 'his right to compensation during such time [while outside this state]';

"(2) He forfeits 'his right to reimbursement for his medical expenses' during such time; and

"(3) He will not be compensated for 'any aggravation of his disability by reason of the violation of this rule.'

"Since petitioner does not seek to recover any compensation or medical expenses for the time he was in New York, sanctions (1) and (2) above are not here involved. The only sanction possibly applicable to his attempt to obtain compensation benefits for the period after he returned to Arizona, is sanction (3) above. However, in order for this sanction to be applicable, it must appear that his disability was aggravated 'by reason of the violation of this rule' . . .." 12 Ariz.App. at 242, 469 P.2d at 476.

1. While admitting that the necessity for medical treatment continued, petitioner points out that there is no showing that the lack of medical treatment while he was out of state in any way worsened his condition or worked to the prejudice of the respondent carrier.

██ This same analysis is equally applicable to § 23–1071, and the presence or absence of out-of-state aggravation is pertinent only when the third sanction is relied upon. When the question of forfeiture under the first two sanctions (as analyzed in Carabetta) is involved, the only statutory preconditions to forfeiture are that the claimant absent himself from the state while the necessity of having medical treatment continues, and that he do so without the written approval of the Commission. To the extent that this Court reached a contrary result in its decision in Continental Casualty Co. v. Mejia, 13 Ariz.App. 280, 475 P.2d 765 (1970) we must concede that that decision was erroneous. However, we do note that, although not stated in the opinion, the contention was made in Continental that the Commission could waive its Rule 60. No such contention can be advanced here where the provisions have been incorporated into a statute which clearly and unambiguously requires forfeiture under the circumstances involved.

The award is affirmed.

JACOBSON, C. J. Division 1, and DONOFRIO, J., concur.