520 P.2d 1175

**Woodrow C. HESSER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Apache Powder Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 933.**

Court of Appeals of Arizona,
Division 1,
Department A.
April 16, 1974.

———•———

Skaggs & Battaglia by Mark E. Battaglia, Benson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Evans, Kitchel & Jenckes, P.C. by Leon D. Bess, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

## OPINION

DONOFRIO, Presiding Judge.

This case is before us by writ of certiorari to review the lawfulness of the Industrial Commission in suspending petitioner's benefits during his absence from the state between May 13, 1972 and June 18, 1972.

Petitioner was industrially injured on October 10, 1971 while lifting fifty-pound bags. On March 10, 1971 he filed a claim for workmen's compensation benefits, which was accepted by the respondent insurance carrier. After approximately three weeks of unsuccessful treatment by the company physician, petitioner was referred to Dr. George W. Nash, a neurosurgeon. On March 27, 1972 a laminectomy was performed on petitioner as a result of his industrial injury. Post-operative care followed. On the May 8, 1972 office visit to Dr. Nash, petitioner asked and was granted permission by Dr. Nash to attend the graduation ceremonies of his son from the United States Naval Academy at Annapolis, Maryland. On May 23 the respondent suspended petitioner's benefits while he was absent from the state, based on A. R.S. § 23–1071 and Rule 15 of the Rules of Procedure before the Industrial Commission.[1]

1. "A.R.S. § 23–1071. No employee may leave the State of Arizona or locality in which he is receiving treatment while the necessity of having medical treatment continues, without the written approval of the commission. Any employee leaving . . . without such approval will forfeit his right to compensation during such time, as well as his right to reimbursement for his medical expenses, and any aggravation of his disability by reason of the violation of this section, will not be compensated."

"Rules of Procedure, Industrial Commission of Arizona.

Rule 15. Requests for Out-of-State Medical Treatment

(a) If an employee is claiming benefits under the Arizona Workmen's Compensation or Occupational Disease Liability Laws, he will neither be permitted nor directed to leave the State or locality in which he is receiving medical, surgical or hospital treatment except under compelling circumstances or by agreement of the applicant and the carrier, and then only with the written permission of the Commission or its authorized representative. If there is no agreement but compelling circumstances exist, application for permission to leave must be made to the Commission and the Written authorization of the Commission or its authorized representative must be obtained. This rule shall apply to foreign countries, but shall not apply in those instances involving State borders where the logical or nearest medical facility is situated across the State border or adjacent thereto.

Petitioner returned for his next appointment with Dr. Nash on June 19, 1972. During his absence from the state, petitioner continued to perform the exercises prescribed by Dr. Nash. Dr. Nash wrote the State Compensation Fund on June 19, 1972 that petitioner was " . . . about ninety-five percent improved over his prospective condition", that " . . . petitioner in no way sustained any injury while he was out of the state", and " . . . that the patient is able to return to light work as of the first of July and to regular work as of the first of August."

Petitioner protested his suspension of benefits. The Commission thereafter affirmed the hearing officer's decision of suspension. The crucial question is whether the Commission correctly suspended petitioner's benefits during his absence from the state. We find that the suspension of benefits for the time involved is valid. A very recent case determining this issue is the opinion by Judge Haire in Frantz v. Industrial Commission, 21 Ariz.App. 73, 515 P.2d 898. This opinion states:

"The statute specifically requires written consent from the Commission, not from a party's doctor, and there is no provision in the workmen's compensation statute which would allow the Commission to delegate this authority to a doctor engaged by one or both of the parties.

"Petitioner correctly points out that there is nothing in the evidence to show that his condition was aggravated by his absence from the state. The question of the presence or absence of aggravation is not pertinent here. A.R.S. § 23–1071 clearly provides for the absolute for-

(b) Failure to receive written authorization of the Commission, if required, will result in forfeiture of the workman's right to compensation during such time as he is out of the State as well as his right to reimbursement for medical expenses.

feiture of the right to compensation during the time the claimant is out of state without the Commission's written approval while the necessity of having medical treatment continues. . . ." 515 P.2d at 899.

In the instant case petitioner was performing exercises prescribed by his doctor, had not as yet been released by his doctor, and was being periodically checked by him.

We are constrained to say that the statute is quite clear in the matter and that it is not our prerogative to add to it by legislating. We would add, however, that this case points out the need of further legislation in this area as it appears that the petitioner was dealt with unjustly. Respondent selected petitioner's doctors and he went to them as recommended. Throughout the course of his treatment after injury his personal contact was with the doctor. When he desired to leave the state he sought the approval of the one logical person, namely, his doctor. From his doctor's statement it would appear that even he felt that he was the one authorized to give the necessary approval.

The Legislature must have had good reasons to enact the rule which no doubt renders justice in the average case, but in situations of emergency such as deaths, weddings, graduations, etc. it would appear that it could be left up to the medical profession to grant the authority rather than to have justice hamstrung by requiring written approval by the Commission with its attendant delays which sometimes defeats the very thing sought.

OGG and STEVENS, JJ., concur.

(c) Any aggravation of an employee's disability by reason of his violation of this rule will not be compensated."