547 P.2d 470

**CONTINENTAL CASUALTY COMPANY and Tanita Farms, Inc., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gabriel Guerrero, Respondent Employee.**

**No. 12228–PR.**

Supreme Court of Arizona,
In Banc.

March 24, 1976.

Rehearing Denied April 20, 1976.

Spencer K. Johnston, Phoenix, for petitioners.

Greg L. Folger, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Harlan J. Crossman, Phoenix, for respondent employee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by certiorari to review an award of the Industrial Commission. The Court of Appeals affirmed, 24 Ariz. App. 89, 536 P.2d 210 (1975). We accepted review. Opinion of the Court of Appeals vacated and award of the Industrial Commission set aside.

By statute in 1973, A.R.S. § 23–1071, *see* Laws 1968, 4th S.S., Ch. 6, § 56, the Legislature provided that in workmen's compensation cases:

> "No employee may leave the state of Arizona or the locality in which he is receiving treatment while the necessity of having medical treatment continues, without the written approval of the commission."

Respondent, Gabriel Guerrero, left Arizona while he was receiving medical treatment for a compensable injury without the written approval of the Industrial Commission. The statute further provided:

> "Any employee leaving the state of Arizona or the locality in which he is receiving medical treatment without such approval will forfeit his right to compensation during such time, as well as his right to reimbursement for his medical expenses, and any aggravation of his disability, by reason of the violation of this section, will not be compensated."

On January 10, 1973, respondent left Arizona. Subsequently he requested the Commission to grant a hearing concerning the suspension of benefits by the insurance carrier because of his violation of the foregoing statute. On October 5, 1973, the Commission in its decision following the hearing granted approval of respondent's departure from the state and ordered that its approval apply retroactively to February 26, 1973.

The Continental Casualty Company's position is that the order of the Commission may not be applied retroactively to the

time when respondent left Arizona and that the Commission's approval can only be effective as of October 5, 1973, the date that written approval by the Commission was given. A simple perusal of the statute supports petitioner's position.

■■■ No rule is more positively settled than that in construing a statute if the language is plain there is no occasion for construction or interpretation. *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964); *Employment Security Commission of Arizona v. Fish,* 92 Ariz. 140, 375 P.2d 20 (1962); *Marquez v. Rapid Harvest Co.,* 89 Ariz. 62, 358 P.2d 168 (1960); *Gustafson v. Rajkovich,* 76 Ariz. 280, 263 P.2d 540 (1953); *Adams v. Bolin,* 74 Ariz. 269, 247 P.2d 617 (1952). The statute states that an employee may not leave the state without the approval of the Commission, and that an employee so leaving forfeits his right to compensation during such time. This is plain language. It does not allow an injured employee to leave the state, subsequently apply for approval and have the approval effective retroactively to the time he left the state.

There is obvious purpose in the statute. The time during which an injured employee may be rehabilitated with proper medical care and treatment is often immediately or shortly following the accident, and not months or years later when it may be too late for successful treatment. The employer or his insurance carrier might thereby become liable for payments of compensation extending over the remainder of the employee's life. Or at a minimum the respondent's temporary disability may be indefinitely extended for want of proper treatment.

■■■ Respondent's position is that in the case at bar he did not violate the provisions of A.R.S. § 23-1071 because he did not voluntarily leave the state without the Commission's approval. The facts as to this establish that respondent was arrested by representatives of the federal government and charged with the possession and importation of marijuana and that after being found guilty was taken to a federal prison at La Tuna, Texas on January 10, 1973 for imprisonment for 30 months. Respondent argues that the United States Government forced him to leave Arizona and that since he had no choice in the matter, his presence beyond Arizona's borders was involuntary.

If we understand respondent's argument correctly, he is saying that because he is a convict he is not required to comply with the Arizona Workmen's Compensation Law as other employees are. We do not adjudge this to be a satisfactory answer. Respondent could have immediately applied for permission to leave the state when he first was made aware that he was to be imprisoned outside of Arizona. Then when he received the written approval of the Industrial Commission, as he eventually did, there would have been little or no forfeiture of compensation. The insurer would have had an opportunity to make appropriate arrangements for treatment outside of Arizona and the Commission would have had the opportunity to attach such reasonable conditions to respondent's leaving Arizona as would appear likely to protect the insurer.

The instant case is an excellent example why the literal language of the statute must control, and that the court should not try to guess what the Legislature would do were an attempt made to amend the statute. Cf. *Hernandez v. Frohmiller,* 68 Ariz. 242, 204 P.2d 854 (1949); and *see* the statute as amended in 1974, Laws of 1974, Ch. 184, § 22. At the hearing before the Industrial Commission, the wife of respondent testified that she had talked with respondent in March and he related to her that he had been put to work and that his leg had swollen, that he had been taken to see a doctor who told him that he could be operated on again, but that they would send him to St. Louis, Missouri to be operated on there. She further related that her husband told her that he did not want to go to St. Louis, but that he would rather

be operated on in Arizona. Respondent cannot, of course, be operated on in Arizona until he serves his sentence of two and one-half years and is returned to Arizona. In the meantime, petitioner will be compelled to continue respondent in the classification of temporary total disability and pay him compensation accordingly.

The award of the Industrial Commission insofar as it has retroactive application is set aside.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ. concur.