568 P.2d 1111

Chelene **WAXLER**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

**Blue Room, Respondent Employer,**

**Fidelity & Casualty Co. of New York, Respondent Carrier.**

No. 1 CA–IC 1585.

Court of Appeals of Arizona, Division 1, Department C.

May 26, 1977.

Rehearing Denied July 7, 1977.

Review Denied Sept. 8, 1977.

Lawrence Ollason, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Jones, Teilborg, Sanders, Haga & Parks, P. C., by James A. Teilborg, Phoenix, for respondent employer and respondent carrier.

## OPINION

FROEB, Chief Judge.

In this case, the Industrial Commission found that petitioner, Chelene Waxler (Slate), left the State of Arizona without the written permission of the Industrial Commission. Accordingly, petitioner's medical and compensation benefits were suspended, in accordance with A.R.S. § 23–1071. Petitioner now challenges the propriety of this order on review.

On August 17, 1974, petitioner, a bartender at the Blue Room in Sierra Vista, caught her finger in a blender while mixing a cocktail. She was given emergency treatment by Gordon E. Olson, M.D., and the laceration of the finger was closed and sutured. On August 30, 1974, an industrial claim was filed. Shortly thereafter, petitioner's attorney, Robert L. Hazen, notified the Industrial Commission by mail that he was attorney of record. Dr. Olson referred petitioner to Jacob Redekop, M.D., for further treatment of the nerves in her injured finger. On or about November 25, 1974, the petitioner left Arizona to marry her fiance and establish a residence in Indiana. Petitioner and her attorney claim that, at the time of petitioner's departure, neither had received any communication from petitioner's employer, the insurance carrier, or the Industrial Commission concerning her pending claim. She alleges that the insurance carrier had not paid any medical expenses by the time she departed. The carrier accepted petitioner's claim by notice of claim status dated November 25, 1974. Petitioner and her attorney, Robert Hazen, testified that they never received a copy of the notice of claim status. On June 2, 1975, the petitioner's medical benefits and compensation were suspended pursuant to A.R.S. § 23–1071, effective December 30, 1974.

Petitioner contends that the Industrial Commission's written approval to leave Arizona is not required where, at the time of her departure, petitioner was not receiving any medical benefits or compensation *and* was not aware of the status of her pending claim. We disagree.

A.R.S. § 23–1071 provides:

A. No employee may leave the state of Arizona for a period exceeding two weeks while the necessity of having medical treatment continues, without the written approval of the commission. Any employee leaving the state of Arizona for a period exceeding two weeks without such approval will forfeit his right to compensation during such time, as well as his right to reimbursement for his medical expenses, and any aggravation of his disability, by reason of the violation of this section, will not be compensated.

B. No employee may change doctors without the written authorization of the insurance carrier, the commission or the attending physician.

One of the purposes of A.R.S. § 23–1071 is to protect the interests of the employer and insurance carrier when there is continuing medical treatment. The statute allows the employer and carrier to direct and supervise rehabilitative treatment when it will be most effective. Otherwise, the claimant's temporary disability might be indefinitely extended or his permanent disability enhanced for want of proper treatment. *Continental Casualty Co. v. Industrial Commission*, 113 Ariz. 116, 547 P.2d 470 (1976). The Commission recognized these considerations when Rule 15, Rules of Procedure for Workmen's Compensation Hearings was promulgated:

(a) If an employee *is claiming benefits* under the Arizona Workmen's Compensation Law, he will neither be permitted nor directed to leave the State or locality in which he is receiving medical, surgical or hospital treatment except under compelling circumstances or by agreement of the applicant and the carrier, and then only with the written permission of the Commission or its authorized representative. If there is no agreement but compelling circumstances exist, application for permission to leave must be made to the Commission and the written authorization of the Commission or its authorized representative must be obtained. This rule shall apply to foreign countries, but shall not apply in those instances involving State borders where the logical or nearest medical facility is situated across the State border or adjacent thereto.

(b) Failure to receive written authorization of the Commission, if required, will result in forfeiture of the workman's right to compensation during such time as he is out of the State as well as his right to reimbursement for medical expenses.

(c) Any aggravation of an employee's disability by reason of his violation of this rule will not be compensated. (Emphasis added)

■ Arizona case law has stressed the plain meaning of A.R.S. § 23–1071 and has declined to create exceptions to this rule. See, *Continental Casualty Co. v. Industrial Commission*, supra; *Hesser v. Industrial Commission*, 21 Ariz.App. 498, 520 P.2d 1175 (1974); *Frantz v. Industrial Commission*, 21 Ariz.App. 73, 515 P.2d 898 (1973). If we were to accept petitioner's contention, an injured workman could leave the state of Arizona at any time prior to formal acceptance of his pending claim, and require reimbursement for medical expenses subsequently incurred out of state. We believe that the phrase "while the necessity of having medical treatment continues" includes the time period after filing a claim but before formal action is taken by the carrier. To hold otherwise would deny the employer and insurance carrier the opportunity to conduct independent medical evaluation or direct necessary treatment.

■ The record shows that, after moving to Indiana, petitioner had surgery on two separate occasions. Petitioner seeks reimbursement for these expenses. In addition, she seeks reimbursement for a period of hospitalization and payments for total temporary compensation after December 30, 1974. We believe that the plain meaning of A.R.S. § 23–1071 governs this case and therefore we hold that petitioner's medical benefits and compensation were correctly suspended.

Petitioner argues that the November 25, 1974 notice of claim status was improperly

served and was therefore void, citing *Wood v. Industrial Commission*, 13 Ariz.App. 449, 477 P.2d 568 (1970); *Sill v. Industrial Commission*, 12 Ariz.App. 6, 467 P.2d 81 (1970); Rule 58(a), Rules of Procedure for Workmen's Compensation Hearings. We do not decide this question because of our resolution of the prior issue.

The award is affirmed.

JACOBSON, P. J., Department C, and OGG, J., concur.