681 P.2d 377

**Paul D. HURLEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Jerry's Trenching Service, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 17304–PR.**

Supreme Court of Arizona, In Banc.

April 18, 1984.

Rabinovitz, Dix & Rehling, P.C. by J. Stephen Dix, Charles Rehling, Tucson, for petitioner.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix by Fred R. Sands, Tucson, for respondent State Compensation Fund.

· CAMERON, Justice.

This is a petition for review from a decision of the Court of Appeals affirming an award of the Industrial Commission. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and A.R.S. § 12–120.24.

The issue on appeal is:

If the Industrial Commission incorrectly denies a recipient permission to leave the state and this decision is later reversed, does the recipient receive benefits dating back to the time of the erroneous decision?

The facts necessary for a determination of this matter are as follow. The petitioner, Paul D. Hurley, was injured in June, 1980, and began receiving benefits and medical treatment for his injuries. The petitioner and his family were unable to live in Arizona on the approximately $125 the petitioner received in benefits every two weeks, so they decided to go to Colorado where they could stay with the family of petitioner's wife. Pursuant to A.R.S. § 23–1071(A), the petitioner's attorney wrote the Industrial Commission on 29 September 1981 requesting permission for the petitioner to leave Arizona on 15 October. At this time petitioner was under the care of Charles A. Needham, M.D., a neurosurgeon, and had been under the care of a psychologist who had been instructing petitioner in self-relaxation. Petitioner had not seen the psychologist for some two to three months prior to requesting permission to leave the state.

The petitioner left Arizona sometime during late October. On 2 November the re-

spondent carrier sent the petitioner notice that his benefits were being terminated effective 3 October 1981. On 30 November 1981, the Industrial Commission denied permission for the respondent to leave the state. This denial was based on the refusal of the psychologist to agree that petitioner could leave the state, even though it appears that the petitioner was no longer under his care. Dr. Needham had no objection to petitioner leaving the state. After a formal hearing requested by the petitioner, permission to leave the state was granted by an administrative law judge on 16 April 1982. Benefits were reinstated as of that date. Petitioner brought a special action in the Court of Appeals which affirmed the administrative law judge, see *Hurley v. Industrial Commission*, 140 Ariz. 311, 681 P.2d 463 (App.1983), and we granted the workman's petition for review.

The petitioner claims benefits should have been retroactively reinstated to the date of the request for permission to leave Arizona. The respondents contend the statute does not allow the courts to confer benefits for the time period during which the petitioner was out of the state without the permission of the Industrial Commission.

The pertinent statute states:

No employee may leave the state of Arizona for a period exceeding two weeks *while the necessity of having medical treatment continues*, without the written approval of the commission. Any employee leaving the state of Arizona for a period exceeding two weeks without such approval will forfeit his right to compensation during such time, as well as his right to reimbursement for his medical expenses, and any aggravation of his disability, by reason of the violation of this section, will not be compensated.

A.R.S. § 23–1071(A) (emphasis added).

■ First, we note that the statute provides for a forfeiture "during such time" as the employee is out of the state "exceeding two weeks." An injured employee who then leaves the state for more than two weeks without first obtaining permission, even though he has applied for permission, does so at his peril and runs the risk that he will lose his compensation after two weeks absence. He does not, however, lose his compensation under this statute during the first two weeks, and it was error to terminate compensation commencing 3 October, instead of two weeks after the employee had left the state. As the Court of Appeals has stated, "A.R.S. § 23–1071 clearly provides for the absolute forfeiture of the right to compensation during the time the claimant is out of state without the Commission's written approval while the necessity of having medical treatment continues," *Frantz v. Industrial Commission*, 21 Ariz.App. 73, 74, 515 P.2d 898, 899 (1973); *see also Hesser v. Industrial Commission*, 21 Ariz.App. 498, 520 P.2d 1175 (1974), but that time by the terms of the statute does not begin until after two weeks have passed. The petitioner could, for example, return within the two week period and not be subject to any loss of benefits under the statute.

■ We now consider whether the commission and the Court of Appeals were correct in excluding the petitioner from compensation for the time between the erroneous order of 30 November 1981 and the order of 16 April 1982. In construing A.R.S. § 23–1071(A), we have stated:

The statute states that an employee may not leave the state without the approval of the Commission, and that an employee so leaving forfeits his right to compensation during such time. This is plain language. It does not allow an injured employee to leave the state, subsequently apply for approval and have the approval effective retroactively to the time he left the state.

*Continental Casualty Co. v. Industrial Commission*, 113 Ariz. 116, 118, 547 P.2d 470, 472 (1976). This case stands for the proposition that a petitioner who leaves the state before applying for permission to leave or who applies for permission and leaves before permission is granted, leaves

at his peril, and if the application is later correctly denied, the petitioner loses his benefits commencing two weeks after he left the state. A.R.S. § 23–1071(A). *See, supra,* 140 Ariz. at 312, 681 P.2d at 464.

 If, however, the commission errs in its decision by denying the petitioner the right to leave the state and that error is later corrected, the permission, and therefore the benefits, relate back to the date the commission first acted improperly. In the instant case, the fact that withholding permission was error is implicit in the 16 April order of the administrative judge because permission to leave the state was eventually granted. As the Court of Appeals noted, "we cannot close our eyes to the fact that the basis for the initial denial by the Industrial Commission was in error." *Hurley,* supra, at 314, 681 P.2d at 466. We do not think the petitioner should be denied benefits because of a mistake made by the commission. To follow the reasoning of the respondents would lead, as the petitioner points out, to a possible suspension of benefits for months or even years while an injured worker appealed decisions made in error. After vindication the aggrieved workman would still not be able to obtain benefits that should have been awarded had the commission (and possibly the courts) not erred in the first place.

As Professor Larson has stated:

When an award is modified for a reason not based on change of condition, but going to some error in the original award, the correction may be made retroactive to the date of the original award, unlike a modification for changed condition.

3 Larson, Workmen's Compensation Law, § 81.52(d) (1983) (footnotes omitted). We find that this reasoning is also persuasive when addressing the analogous situation of benefit reinstatement. Because denying permission to leave the state on 30 November was the original error made by the commission, we believe the petitioner is also entitled to benefits for the period between 30 November 1981 and 16 April 1982.

The award of the Industrial Commission is set aside. The opinion of the Court of Appeals is vacated.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.