NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MATTHEW CSIZMADIA,
*Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent,*

NATIONAL PEO/THE MINT,
*Respondent Employer,*

LUMBERMEN'S UNDERWRITING ALLIANCE,
*Respondent Carrier.*

No. 1 CA-IC 15-0059
FILED 12-8-2016

Special Action - Industrial Commission
ICA Claim No.  20123-180238
Carrier Claim No. AZ-354323

The Honorable Robert F. Retzer, Administrative Law Judge

**AFFIRMED**

COUNSEL

Matthew Csizmadia, Hamilton, NJ
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

CopperPoint Mutual Insurance Company, Phoenix
By Mark A. Kendall
*Counsel for Respondents Employer/Carrier*

--------------------------------

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

--------------------------------

**O R O Z C O**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona (ICA) award.  For the following reasons, we affirm the award of the Administrative Law Judge (ALJ).

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Petitioner employee Matthew Csizmadia (Csizmadia) injured his left knee on September 22, 2012, while employed as a door host at a night club.  Csizmadia was assigned to work at an outdoor patio and observe any signs of unrest by the club patrons from a two and a half feet high concrete platform.  During an attempt to step up onto the platform, Csizmadia "twisted and torqued" his left knee, but continued working for the remainder of his shift.  Csizmadia sought medical attention two or three days later, but moved to New Jersey approximately five or six days after his injury, without requesting permission from the ICA.

**¶3**        The Employer's insurance carrier accepted Csizmadia's claim for benefits in February 2013, but determined no benefits were due.  On August 30, 2013, Csizmadia filed a request to leave Arizona and the ICA approved it retroactively to that date.  The ICA terminated temporary compensation and active medical treatment as of April 13, 2014, concluding the injury resulted in no permanent disability.

**¶4**        In June 2015, after formal hearings were held, the ICA awarded Csizmadia "medical, surgical and hospital benefits from September 22, 2012, through April 13, 2014, minus the time period

2

September 22, 2012[,] through August 30, 2013, when his benefits were suspended [due to the unapproved absence]." The ALJ concluded, however, that no total temporary or temporary partial compensation benefits were owed. The ALJ affirmed the award upon review. We have jurisdiction under Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.2 and 23-951.A (West 2016),[1] and Arizona Rule of Procedure for Special Actions 10.

**DISCUSSION**

¶5        We defer to the ALJ's factual findings but review questions of law de novo. *Lane v. Indus. Comm'n*, 218 Ariz. 44, 47, ¶ 9 (App. 2008). We consider the evidence in the light most favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will affirm as long as the award is supported by reasonable evidence. *Delgado v. Indus. Comm'n*, 183 Ariz. 129, 131 (App. 1994).

¶6        Csizmadia argues he is entitled to full compensation for all of his medical treatment, and to other benefits, including treatment obtained during his unapproved absence from Arizona, because his treatment has not concluded and he suffered from additional injuries and infirmities stemming from the industrial injury.[2] We construe Csizmadia's opening brief as contending that the ALJ erred in (1) adopting the opinion of one

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]        The Respondents argue that Csizmadia's opening brief fails to clearly identify or discuss any specific legal grounds or arguments for vacating the ALJ's decision. Furthermore, Respondents assert that the opening brief fails to include citations to the record. This lack of reference to legal authority and the record could be considered abandonment and waiver of his claim. *See* ARCAP 13(a)(7)(A) (requiring appellant's brief to contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."). However, in our discretion, we decide this appeal on its merits based on our own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing that courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

medical expert over another in terminating the benefits and (2) suspending the benefits during the unapproved absence from Arizona.

## I.      Benefits Termination

**¶7**          The ICA "is not required to continue benefits beyond the period of temporary disability absent a showing of permanent disability related to the industrial incident." *Ortega v. Indus. Comm'n*, 121 Ariz. 554, 556–57 (App. 1979).  Csizmadia has the burden to prove his physical condition was causally related to his industrial injury and that he was not yet medically stationary. *See Lawler v. Indus. Comm'n*, 24 Ariz. App. 282, 284 (App. 1975).

**¶8**          In assessing Csizmadia's medical condition, the ALJ relied on evidence presented by medical experts.  *See W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 528 (App. 1982) (holding that expert medical opinion is required to demonstrate a causal relationship between the industrial injury and claimant's condition where the causal relationship is not readily apparent to a layperson).  When expert medical evidence conflicts, the ALJ is the sole judge of witness credibility and is to resolve all conflicts in the evidence and draw warranted inferences from it.  *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968).

**¶9**          Two medical experts testified and presented differing opinions.  Csizmadia's expert witness and treating physician, Scott Greenberg, M.D., is licensed to practice in New Jersey and is board certified in family practice; he also practices in the specialty of regenerative non-surgical orthopedics.  Dr. Greenberg opined that as of July 2014, Csizmadia had reached his "maximum medical improvement," but noted significant looseness (laxity) of both knees.  Dr. Greenberg explained Csizmadia had reached his maximum medical improvement as of July 2014, because "unfortunately, I could not do much more for him at that time."  Dr. Greenberg further stated that he could not say whether the injury was permanent, but it was long lasting, Csizmadia's response to treatment was very slow, and based on the last time he saw him, Csizmadia was "still somewhat unfit for ambulatory work."

**¶10**         The ICA's expert witness, Thomas Carter, M.D., is licensed to practice in Arizona and is board certified in orthopedic surgery.  Dr. Carter examined Csizmadia in February 2014.  He concluded that Csizmadia lacked a clear cut etiology of his symptoms and that Csizmadia was "not in need of supportive care or modification of work activities specifically as it relates to the industrial event."  Dr. Carter also concluded Csizmadia

"[h]ypothetically . . . may have some very mild chondromalacia that would be softening of the joint, but there is no evidence of a chondral defect on MRI scans." Dr. Carter further found no "objective basis for [Csizmadia's] pain as it relates to the industrial injury" and concluded (1) the injury resulted in no permanent impairment to the left knee and (2) there would be no benefit from additional medical treatment.

¶11 Because Dr. Carter personally examined Csizmadia and reviewed Csizmadia's medical history prior to forming his opinions, it was not unreasonable for the ALJ to adopt Dr. Carter's opinions "as being most probably correct and well founded." Also, the ALJ did not err in accepting Dr. Carter's opinion that "there is no medical evidence that [Csizmadia] was unable to do his regular work as a result of his September 22, 2012[,] industrial injury from August 30, 2013[,] to April 13, 2014." *See Ortega v. Indus. Comm'n*, 121 Ariz. 554, 557 (App. 1979) ("[I]t is the hearing officer's obligation to resolve conflicting medical evidence, and his resolution will not be disturbed unless it is wholly unreasonable.").

## II. Benefits Suspension during the Unapproved Absence from Arizona

¶12 Additionally, Csizmadia seems to argue that the ALJ incorrectly suspended the medical benefits between September 22, 2012, and August 30, 2013, when Csizmadia resided in New Jersey without the ICA's approval.

¶13 According to A.R.S. § 23-1071.A, "[n]o employee may leave the state of Arizona for a period exceeding two weeks while the necessity of having medical treatment continues, without the written approval of the commission." Such employee otherwise "forfeit[s] [his] right to compensation[,] . . . right to reimbursement for [his] medical expenses, and any aggravation of [his] disability." *Id.* Arizona courts have declined to create exceptions to this statute. *Waxler v. Indus. Comm'n*, 116 Ariz. 213, 215 (App. 1977).

¶14 Csizmadia testified that he moved out of Arizona five or six days after his injury without permission of the ICA. Once Csizmadia filed a request to leave Arizona on August 30, 2013, the ICA approved it retroactively to the date of request. However, the statute does not allow retroactive application of the request to the date of departure. *See Cont'l Cas. Co. v. Indus. Comm'n*, 113 Ariz. 116, 118 (1976). Csizmadia's benefits were, thus, properly suspended during the unapproved period.

## CONCLUSION

¶15      Because the evidence in the record supports the ALJ's award and decision upon review, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA